# United States Court of Appeals
## For the First Circuit

_____

No. 01-1293

EDWARD C. FREEMAN,
Plaintiff, Appellee,

v.

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,
Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

_____

Before

Lynch, Circuit Judge,
Coffin, Senior Circuit Judge,
and Young,* District Judge.

_____

Joseph E. Dunn, Assistant Regional Counsel, Social Security Administration, with whom Jay P. McCloskey, United States Attorney, James M. Moore, Assistant United States Attorney, and Robert J. Triba, Regional Chief Counsel, Social Security Administration, were on brief for appellant.

Daniel W. Emery for appellee.

_____

* Of the District of Massachusetts, sitting by designation.

_____

December 27, 2001

_____


**LYNCH, <u>Circuit Judge</u>**. This case is one of a pair, both originating from the District of Maine and both presenting the same question to this court: when a federal court rules that a Social Security Administrative Law Judge ("ALJ") has erred, under what circumstances may the court remand the case to the Commissioner with instructions to pay benefits, rather than remand to the Commissioner for further proceedings?  <u>See</u> <u>Seavey</u> v. <u>Barnhart</u>, No. 01-1202 (1st Cir. 2001).  We vacate the district court's order to pay benefits and, applying the principle articulated in <u>Seavey</u>, hold that, in this instance, a remand with instructions for further proceedings was the appropriate remedy.[1]

I.

---

[1]    In the district court proceedings, the defendant named was Kenneth S. Apfel, then Commissioner of Social Security. <u>Freeman</u> v. <u>Apfel</u>, No. 00-120-B, 2000 WL 1781830 (D. Me. Dec. 4, 2000). By the time this appeal was filed, Larry G. Massanari had become Acting Commissioner of Social Security and was the appellant in this case.  After oral argument, Jo Anne B. Barnhart succeeded Acting Commissioner Massanari as the Commissioner of Social Security.  Pursuant to F.R.A.P. 43(c), Commissioner Barnhart is substituted as the defendant appellant.

In June 1998, Edward Freeman applied for benefits under the Social Security disability benefits and the Supplemental Security Income programs, claiming disability due to gastroesophageal reflux disease. Freeman received a hearing on his claim before a Social Security ALJ on July 15, 1999.

When considering applications, the Social Security Administration employs a five step process to determine if an individual is disabled within the meaning of the Social Security Act; all five steps are not applied to every applicant, as the determination may be concluded at any step along the process. 20 C.F.R. §§ 404.1520, 416.920 (2001). The applicant has the burden of production and proof at the first four steps of the process. If the applicant has met his or her burden at the first four steps, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform. Arocho v. Secretary of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982).

At the ALJ hearing, Freeman presented evidence of his reflux disease and evidence that he has an anxiety disorder with depressed mood. This sufficed to meet his burden under the

first four steps of the process. At Step 5, the Commissioner presented the testimony of a vocational expert, who testified that Freeman had skills from his past work as a plumber and pipe fitter that could be transferred to other jobs. The expert also testified that someone with Freeman's age, educational and vocational background, and physical and psychological limitations could still perform many jobs, and he specifically cited examples.

The ALJ in her decision stated that Freeman was not disabled because he could still perform certain jobs. Rather than citing any of the jobs that the vocational expert testified that Freeman could perform, however, the ALJ supported her determination by citing three jobs mentioned by the expert that would utilize skills from Freeman's prior work. There was no evidence that Freeman, given his impairments, could perform these jobs. In fact, it appears that he could not perform such jobs, as they required working with the public, which the ALJ had found he was limited in doing due to his anxiety and depression. The ALJ decision was therefore internally inconsistent and not supported by the evidence.

After the Social Security Appeals Council declined to review his case, Freeman petitioned the federal district court. The Commissioner conceded that the ALJ had erred and moved for a remand for further proceedings. The magistrate judge recommended that the district court deny the Commissioner's motion and, instead, remand the case with instructions to pay benefits. Freeman v. Apfel, No. 00-120-B, 2000 WL 1781830, at *4 (D. Me. Dec. 4, 2000). The magistrate cited Social Security Ruling 96-9p, 61 Fed. Reg. 34,478 (July 2, 1996), which requires ALJs to cite examples of jobs that an applicant could perform whenever there is more than a slight impact on the applicant's ability to perform the full range of sedentary work. Freeman, 2000 WL 1781830, at *3. The Commissioner disputes the applicability of this ruling.

The decision to order payment without further proceedings rested primarily on the notion that the Commissioner bears the burden of proof at Step 5 and that, as the magistrate had said in prior recommendations, "the [C]ommissioner is not entitled to multiple attempts to get things right" at this stage of the process. Id. The district court adopted the

-5-

magistrate's opinion, <u>Freeman</u> v. <u>Apfel</u>, No. 00-0120-B-S (D. Me. Dec. 18, 2000), and this appeal followed.

II.

The Commissioner's position is laid out in our decision in <u>Seavey</u>, slip op. at 8-9. Our review of a district court's judgment on a Social Security appeal is de novo. <u>Id.</u> at 11-13.

The Commissioner met his burden to come forward with evidence in this case by introducing the testimony of a vocational expert. The argument here centers on how the ALJ weighed that evidence. We do not know whether the ALJ had a reason for not citing the unskilled jobs mentioned by the vocational expert as jobs that Freeman could still perform, or whether reference to the wrong set of jobs was simply an unintentional mistake. The ALJ's decision was in error because it was not supported by substantial evidence, 42 U.S.C. § 405(g) (1994) -- specifically, because the vocational expert's testimony appears to contradict pertinent findings by the ALJ.

However, an order to pay benefits is not appropriate here because, based on the record, it is not clear that Freeman was entitled to benefits. <u>See</u> <u>Seavey</u>, slip. op. at 17. If anything, the record tends to show that Freeman was not entitled

to benefits, since the vocational expert testified that there were still many jobs that someone with his residual functional capacity could perform. Still, the ALJ did not discuss the pertinent expert testimony or Freeman's challenges to it. A remand is the proper remedy here because it would allow the Commissioner to fulfill his role of resolving conflicting evidence, a task which is not ours to perform. Id. at 15; Walker v. Bowen, 834 F.2d 635, 639-40 (7th Cir. 1987).

In its posture before the district court, this case presented a simple issue of the federal court's authority under sentence four of 42 U.S.C. § 405(g) to remand a case after entering a judgment reversing the Commissioner's decision due to error. Under those circumstances, the Commissioner may have been able to correct the error without undertaking additional evidentiary proceedings. However, in a letter submitted to this court after oral argument pursuant to Federal Rule of Appellate Procedure 28(j), the Commissioner stated that further development of the record is necessary for two reasons: to comply with a new Social Security Ruling clarifying the ALJ's duty to resolve any conflicts between the vocational expert's testimony and the definitions in the Dictionary of Occupational

<u>Titles</u> published by the Department of Labor; and to consider new evidence that Freeman was working for some period of time during 1999 and 2000.

Given the Commissioner's intent to introduce new evidence upon remand, this case now also invokes our authority under sentence six of § 405(g), which states that a reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence that the applicant was working during the claimed period of disability is unquestionably relevant, as the first step of the five-step disability determination process asks whether the applicant is engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520, 416.920 (2001). As the Commissioner has only recently obtained this information and could not have obtained it earlier, she has satisfied the "good cause" requirement of sentence six.[2] In this case, there is no

_____

[2] Indeed, it was Freeman's responsibility to notify the Commissioner that he was working while his application was

-8-

risk of unfairness to Freeman by allowing further proceedings.[3]

We note that normally sentence four remands are post-judgment remands (in that the reviewing court has entered a judgment "affirming, modifying, or reversing the decision of the Commissioner," 42 U.S.C. § 405(g)), and sentence six remands are pre-judgment remands (entered when the reviewing court has not ruled on the correctness of the Commissioner's decision, but good cause exists for remanding for further evidentiary proceedings).  Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994).  We could order a remand for further proceedings under either sentence.  In order to preserve Freeman's rights if he is ultimately a prevailing party, we will treat this as a sentence six remand, under which the district court retains jurisdiction until the remand proceedings are complete and the Commissioner files modified findings of facts

---

pending. 20 C.F.R. §§ 404.452, 416.704(a)(4), 416.708(b) (2001).

[3]    Moreover, even if the ALJ had granted benefits to Freeman at the original hearing, the Commissioner would now be entitled to a new hearing on whether Freeman's benefits should be prospectively or retrospectively terminated or reduced due to his 1999 and 2000 work activities.  20 C.F.R. ch. III, §§ 404.401a, 404.502, 404.1590, 416.1100 (2001).

and a modified decision, 42 U.S.C. § 405(g).  If Freeman is then a prevailing party, the court may consider any properly filed application for fees under the Equal Access to Justice Act. <u>Shalala</u> v. <u>Schaefer</u>, 509 U.S. 292, 299-300 (1993).

The order for payment of benefits is <u>vacated</u> and the case is <u>remanded</u> with instructions to remand to the Commissioner for further proceedings not inconsistent with this opinion.