**UNITED STATES of America,**

v.

**Roman PONCE–CASALEZ,
a/k/a Carlos Sanchez.**

**CR. No. 02–027ML.**

United States District Court,
D. Rhode Island.

Aug. 8, 2002.

Edward F. St. Onge, Esq., Providence, RI, for Plaintiff.

Ira Belkin, Esq., Assistant United States Attorney, Providence, RI, for Defendant.

## MEMORANDUM AND DECISION

LISI, District Judge.

On April 12, 2002, the defendant pled guilty to one count of violation of 8 U.S.C. §§ 1326(a) and (b)(2) (illegal re-entry following deportation). Thereafter, a United States probation officer prepared a presentence investigation report (PSR). In calculating the defendant's offense level under the United States Sentencing Guidelines, the probation officer recommended an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). That recommendation was based on the probation officer's determination that defendant's prior Rhode Island state court conviction for simple assault, for which the defendant received a one-year suspended sentence, qualified as an "aggravated felony" as that phrase is defined in 8 U.S.C. § 1101(a)(43) (1994 & Supp. IV 1998).

The defendant filed a timely objection to the PSR contending, *inter alia*, that because his simple assault conviction was a misdemeanor under Rhode Island law, it should not be classified as an aggravated felony for purposes of his federal sentencing guideline determination.

The defendant's sentencing hearing commenced on June 27, 2002. At that time, the Court directed the government and the defendant to submit memoranda on the question of whether defendant's state court conviction was an "aggravated felony" for purposes of § 2L1.2(b)(1).

The matter was continued until July 12, 2002. On that date, the Court determined

that the simple assault conviction did not amount to an "aggravated felony" for purposes of the sentencing guideline and, thus, that the eight-level enhancement set forth in § 2L1.2(b)(1)(C) was inapplicable. As a result, defendant's total offense level was calculated to be 6.[1] Based on his criminal history category of III, defendant's guideline sentencing range was two-eight months.

Noting that defendant had been in federal custody for more than five months, the Court imposed a term of imprisonment of "time-served," to be followed by three-years supervised release. As a special condition of supervised release, the defendant, if deported, is not to re-enter the United States. Also, the defendant was ordered to pay a $100.00 special assessment.

At the time of imposition of sentence, the Court indicated its intention to issue a written memorandum delineating more fully the basis for its determination that defendant's simple assault conviction should not be construed as an "aggravated felony" and, thus, did not trigger the eight-level enhancement set forth in § 2L1.2(b)(1)(C). Accordingly, the basis for the Court's decision follows.

### I. Discussion

■ The fact that the defendant's assault conviction amounts to a "misdemeanor" under Rhode Island law was not relevant to the Court's analysis and determination. Rather, this Court focuses on an ambiguity in the application notes to § 2L1.2.

As amended effective November 1, 2001, U.S.S.G. § 2L1.2 provides, in pertinent part:

---

**1.** Pursuant to U.S.S.G. § 2L1.2(a), defendant's base offense level is 8. The defendant received a two-level decrease for acceptance

of responsibility pursuant to U.S.S.G. § 3E1.1(a).

UNLAWFULLY ENTERING OR REMAINING IN THE UNITED STATES

(a) Base Offense Level: 8.

(b) Specific Offense Characteristic

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

\*   \*   \*   \*   \*   \*

(C) a conviction for an aggravated felony, increase by 8 levels;

(D) a conviction for any other felony, increase by 4 levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

U.S.S.G. § 2L1.2.

The terms "felony," "misdemeanor" and "aggravated felony" are defined in the guideline's commentary. The Application Notes to § 2L1.2 provide:

1. Application of Subsection (b)(1).—

\*   \*   \*   \*   \*   \*

(B) Definitions.—For purposes of subsection (b)(1):

\*   \*   \*   \*   \*   \*

(iv) "Felony" means any federal, state, or local offense punishable by imprisonment for a term *exceeding one year.*

\*   \*   \*   \*   \*   \*

2. Application of Subsection (b)(1)(C).—For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 U.S.C. 1101(a)(43), without regard to the date of conviction of the aggravated felony.

3. Application of Subsection (b)(1)(E).—For purposes of subsection (b)(1)(E):

(A) "Misdemeanor" means any federal, state, or local offense punishable by a term of imprisonment of *one year or less.*

U.S.S.G. § 2L1.2, comment. (n. 1–3) (emphasis added).

Title 8, section 1101 of the United States Code is the definitional section of Chapter 12 of the Immigration and Nationality Act (INA). Under the INA, "aggravated felony" is defined to include "a crime of violence (as defined in section 16 of Title 18,[2] but not including a purely political offense) for which the term of imprisonment *at[3] least one year.*" 8 U.S.C. § 1101(a)(43)(F) (1994 & Supp. IV 1998) (emphasis added).

The INA's definition of "aggravated felony" as including crimes of violence for which the term of imprisonment equaled or exceeded one year, is inconsistent with the definitions of "felony" and "misdemeanor" set forth in the commentary to U.S.S.G. § 2L1.2. The commentary defines "felony" and "misdemeanor" as mutually exclusive categories, consisting of offenses punishable by terms exceeding one year, and of less than or equal to one year, respectively. Accordingly, a crime for which the term of imprisonment equals one year falls within the "misdemeanor" category. However, as a result of the commentary's incorporation by reference of the INA's civil statutory definition of "aggravated felony," a crime of violence for which a defendant received a one-year sentence also falls within the definition of

---

**2.** Section 16 of Title 18 provides:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**3.** So in original. Apparently, "at" should be preceded by "is".

"aggravated felony." Therefore, as the sentencing guidelines define the terms, defendant's conduct qualifies as both an "aggravated felony" and a "misdemeanor." Defendant's conduct does not, however, qualify as a "felony."

Neither the commentary to § 2L1.2 nor the section's amendment history is helpful to a resolution of this ambiguity. Specifically, the provisions provide no indication of whether the Sentencing Commission, in referencing the definition of "aggravated felony" contained in a civil statute, intended to elevate misdemeanor crimes of violence, for which the defendant receives a one-year sentence, to felony status for purposes of determining criminal sentences. How then should the sentencing guidelines be read? By importing the definition of "aggravated felony" from 8 U.S.C. § 1101(a)(43), did the Sentencing Commission intend to carve out a second category of felony, i.e. a misdemeanor crime of violence for which the defendant receives a one-year sentence. If so, why does the Commission define the same crime as a "misdemeanor" in the text of the guidelines? If the defendant had three misdemeanor convictions for simple assault, at least one of which carried a one-year sentence, would he qualify for a four-level increase under § 2L1.2(b)(1)(E) or would that analysis be superfluous because his conduct constituted an "aggravated felony" the first time a sentence of one-year was imposed following his conviction for a misdemeanor simple assault?

The Court also notes that the INA's legislative history casts doubt on whether Congress intended that misdemeanor simple assault offenses be encompassed in the definition of "aggravated felony." Initial-ly, "aggravated felony" was defined as "murder, any drug trafficking crime as defined in [18 U.S.C. § 924(c)(2)], or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States." Immigration and Nationality Act ("INA"), § 101(a)(43), Pub.L. No. 100–690, Title VII, § 7342, 102 Stat. 4469 (1988) (current version at 8 U.S.C. § 1101(a)(43) (1994 & Supp. IV 1998)).[4] Subsequently, the definition of "aggravated felony" was expanded to refer to other felony offenses including "any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years." INA, § 101(a)(43), Pub.L. No. 101–649, Title V, § 501(a), 104 Stat. 5048 (1990). In view of the 5–year minimum sentence requirement, it was axiomatic that all "crimes of violence" falling within the ambit of 8 U.S.C. § 1101(a)(43)(F) were serious felonies.

In 1994, Congress expanded the definition of "aggravated felony" to include several other types of serious offenses including violations of 18 U.S.C. § 1956 (laundering of monetary instruments) and § 1957 (engaging in monetary transactions in property derived from specific unlawful activity) where the amount of the funds exceeded $100,000; theft or burglary offenses for which the term of imprisonment imposed was at least 5 years; child pornography offenses; racketeering offenses for which a sentence of at least 5 years could be imposed; espionage, sabotage and treason; tax evasion in which

---

4. For the purposes of this discussion, the 1988 version of the statute is the "original" version, i.e. the version which, for the first time, defines "aggravated felony." Hereinafter, when referring to subsequent amend-ments of the relevant section of the Immigration and Nationality Act, citation to the current codified version of the statute, 8 U.S.C. § 1101(a)(43) (1994 & Supp. IV 1998), will be deleted.

**46**

the revenue loss to the Government exceeded $200,000.00; and offenses involving the failure to appear by a defendant for service of sentence if the underlying offense was punishable by a term of imprisonment of at least 15 years. INA, § 101(a)(43), Pub.L. No. 103–416, Title II, § 222(a), 108 Stat. 4320 (1994). Thereafter, Congress expanded the definition of aggravated felony to include, *inter alia*, obstruction of justice, perjury or subornation of perjury, or bribery of a witness for which of sentence of 5 years' imprisonment or more may be imposed. INA, § 101(a)(43), Pub.L. 104–132, Title IV, § 440(e), 110 Stat. 1277 (1996).

In sum, the legislative history of 8 U.S.C. § 1101(a)(43) reveals an intent by Congress to widen the range of serious offenses qualifying as aggravated felonies. That intent is highlighted by Congress' expansion of 8 U.S.C. § 1101(a)(43)(F) to include crimes of violence for which the term of imprisonment was at least one year.[5] However, although those circuit courts of appeal which have considered the matter have concluded to the contrary,[6] this Court is not convinced that Congress intended to expand the definition of "aggravated felony" to include the type of misdemeanor offense for which defendant was convicted.

The plain and ordinary meanings of the words "aggravated" and "felony" clearly conflict with an interpretation of the term "aggravated felony" that includes misdemeanor offenses. First, there can be little argument that the word "felony" is commonly understood—and statutorily defined—to include

crimes punishable by prison terms of *greater than* one year.

\*    \*    \*    \*    \*    \*

Second, it is quite clear that "aggravated felony" defines a subset of the broader category "felony." Common sense and standard English grammar dictate that when an adjective—such as "aggravated"—modifies a noun—such as "felony"—the combination of terms delineates a subset of the noun. One would never suggest, for example, that by adding the adjective "blue" to the noun "car," one could be attempting to define items that are not, in the first instance, cars. In other words, based on the plain meaning of the terms "aggravated" and "felony," we should presume that the specifics that follow in the definition of "aggravated felony" under INA § 101(a)(43) serve to elucidate what makes these particular felonies "aggravated"; we certainly should not presume that those specifics would include offenses that are not felonies *at all.*

*United States v. Pacheco*, 225 F.3d 148, 156–57 (2nd Cir.2000) (Straub, J., dissenting), *cert. denied*, 533 U.S. 904, 121 S.Ct. 2246, 150 L.Ed.2d 234 (2001).

■ Regardless, however, of the relevant legislative history, the fact that defendant's prior conviction for misdemeanor assault qualifies under § 2L1.2 as both a "misdemeanor" and an "aggravated felony," creates an ambiguity which implicates the rule of lenity. *United States v. Bowen*, 127 F.3d 9, 14 (1st Cir.1997). Under the rule of lenity, an ambiguity in a criminal

5. INA, § 101(a)(43), Pub.L. No. 104–208, Title III, §§ 321(a), 322(a)(2)(A), 110 Stat. 3009–627, 629 (1996).

6. *E.g., United States v. Saenz–Mendoza*, 287 F.3d 1011 (10th Cir.2002); *United States v. Urias–Escobar*, 281 F.3d 165 (5th Cir.2002); *United States v. Gonzales–Vela*, 276 F.3d 763

(6th Cir.2001); *Guerrero–Perez v. INS*, 242 F.3d 727 (7th Cir.2001); *United States v. Christopher*, 239 F.3d 1191 (11th Cir.2001); *United States v. Pacheco*, 225 F.3d 148 (2nd Cir.2000); *Wireko v. Reno*, 211 F.3d 833 (4th Cir.2000); *United States v. Graham*, 169 F.3d 787 (3rd Cir.1999).

statute, including in a sentencing guideline, must be resolved in favor of the criminal defendant. *United States v. Luna–Diaz*, 222 F.3d 1, 3 n. 2 (1st Cir.2000). This case is one in which the rule of lenity must be applied.

Accordingly, under the rule of lenity, the defendant's simple assault conviction, with its accompanying one-year suspended sentence, does not qualify as an "aggravated felony" under § 2L1.2. Thus, the 8–level increase specified in § 2L1.2(b)(1)(C) should not have been factored into the defendant's offense level calculation.

### II. Conclusion

For the above reasons, the Court, in imposing sentence, did not consider defendant's state court simple assault conviction as an "aggravated felony" within U.S.S.G. § 2L1.2(b)(1)(C).

SO ORDERED.