# United States Court of Appeals
## For the First Circuit

No. 03-2666

UNITED STATES OF AMERICA,

Appellee,

v.

SILVERIO CORDOZA-ESTRADA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella, Circuit Judge,

and Saris,* District Judge.

Bjorn Lange, Assistant Federal Public Defender, for appellant.
Mark S. Zuckermann, Assistant United States Attorney, with
whom Thomas P. Colantuono, United States Attorney, was on brief for
appellee.

September 29, 2004

*Of the District of Massachusetts, sitting by designation.

**PER CURIAM**.  On August 22, 2001, Defendant-Appellant Silverio Cordoza-Estrada, a citizen of Mexico, was convicted of simple assault in New Hampshire state district court for punching a man in the face, breaking his nose.  He was sentenced to twelve months of imprisonment with ten months suspended.  Following this conviction, Cordoza-Estrada was deported.  Two years later, he was arrested at his place of work in Hudson, New Hampshire.  After pleading guilty to a one-count information, Cordoza-Estrada was convicted of re-entering the United States after being deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), and sentenced to eighteen months of imprisonment and three years of supervised release.  He now appeals his sentence, arguing that his prior conviction for a simple assault was a misdemeanor under New Hampshire law and should not have been treated as an "aggravated felony" under § 1326(b)(2) or U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(C) (Nov. 2002).  Appellant also argues that his sentence is invalid under Blakely v. Washington, 124 S. Ct. 2531 (2004).

1.  Aggravated Felony

We review whether the conviction is an aggravated felony de novo.  United States v. Santos, 363 F.3d 19, 22 (1st Cir. 2004).  Subsection 1326(b)(2) provides that an alien removed "subsequent to a conviction for a commission of an aggravated felony" shall be fined or imprisoned for not more than twenty years, up from two

-2-

years for simple illegal re-entry under § 1326(a). The definition of "aggravated felony" is found in 8 U.S.C. § 1101(a)(43)(F), which states that the term includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." The definition of "term of imprisonment" in 8 U.S.C. § 1101(a)(48)(B) is "the period of incarceration . . . ordered by a court of law regardless of any suspension of the imposition or execution of that . . . sentence in whole or in part."

The Sentencing Guideline applicable to unlawfully re-entering or remaining in the United States under § 1326 provides that the base offense level of eight is increased by eight levels for a defendant who was deported after a "conviction for an aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). Application Note 2 states: "For purposes of subsection (b)(1)(C) 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony."

Appellant argues that the statutory definition of "aggravated felony" is ambiguous because it encompasses crimes traditionally regarded as misdemeanors, as well as felonies, and urges that under the rule of lenity, he should not have been subject to the enhanced penalty provision in § 1326(b)(2).[1] He cites two dissenting

---

[1] "Crime of violence," as defined in 18 U.S.C. § 16(a), includes an offense that has "as an element, the use, attempted use, or threatened use of physical force against the person or property of another." Appellant does not dispute that the New Hampshire assault misdemeanor falls within this definition.

opinions to support his argument.  See United States v. Pacheco, 225 F.3d 148, 158 (2d Cir. 2000) (Straub, J., dissenting) ("To include misdemeanors within the definition of 'aggravated felony' turns the plain meaning of the word 'aggravated' entirely on its head, since in addition to not being felonies in the first place, misdemeanors are conventionally understood as being less severe than felonies, as well."), cert. denied, 533 U.S. 904 (2001); United States v. Gonzales-Vela, 276 F.3d 763, 768 (6th Cir. 2001) (Merritt, J., dissenting) (same).

We agree with the phalanx of circuit courts that have rejected similar challenges and held that the statutory definition of the term "aggravated felony" in § 1101(a)(43) is a term of art that includes within its ambit certain misdemeanors under state law that carry a sentence of at least one year.  See Pacheco, 225 F.3d at 154-55; United States v. Graham, 169 F.3d 787, 792 (3d Cir. 1999); Wireko v. Reno, 211 F.3d 833 (4th Cir. 2000); United States v. Urias-Escobar, 281 F.3d 165, 167-68 (5th Cir. 2002); United States v. Gonzales-Vela, 276 F.3d 763, 767-68 (6th Cir. 2001); Guerrero-Perez v. INS, 242 F.3d 727, 734-37 (7th Cir. 2001); United States v. Gonzalez-Tamariz, 310 F.3d 1168, 1170-71 (9th Cir. 2002); United States v. Saenz-Mendoza, 287 F.3d 1011, 1014-15 (10th Cir. 2002); United States v. Christopher, 239 F.3d 1191, 1193-94 (11th Cir. 2001).

Under this caselaw, the pivotal question is not whether a

-4-

crime is labeled a felony or a misdemeanor under state law, or whether it has conventionally been considered a misdemeanor, but whether the crime meets the explicit definition of "aggravated felony" under § 1101(a)(43)(F). The rule of lenity does not apply simply because a statute requires interpretation. See United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002) ("It is only when no reasonably clear meaning can be gleaned from the text of a statute, leaving courts to guess at what Congress intended, that the rule of lenity comes into play."). Because Appellant was sentenced to "at least one year" for the assault, he was convicted of an "aggravated felony" as defined under federal law.

Appellant similarly argues that U.S.S.G. § 2L1.2(b)(1)(C) is ambiguous because his simple assault conviction meets the definition of a misdemeanor in Application Note 3(A), which defines "misdemeanor" as "any federal, state or local offense punishable by a term of imprisonment of one year or less," and does not fall within the definition of "felony" in Application Note 1(B)(iv), which defines "felony" as "any federal, state, or local offense punishable by a term exceeding one year." That argument is unpersuasive in light of Application Note 2, which specifically defines "aggravated felony" in U.S.S.G. § 2L1.2(b)(1)(C) equivalently with 8 U.S.C. § 1101(a)(43). Accord Saenz-Mendoza, 287 F.3d at 1013-14; cf. United States v. Simpson, 319 F.3d 81, 85-87 (2d Cir. 2002) (discussing 8 U.S.C. § 1101(a)(43)(B)).

-5-

Some courts have suggested that it is nonsensical for a single one-year sentence involving a crime of violence to be treated as an aggravated felony, bringing an eight-level increase, whereas three one-year misdemeanors that are crimes of violence could entail only a four-level increase under U.S.S.G. § 2L1.2(b)(1)(E). See United States v. Ponce-Casalez, 212 F. Supp. 2d 43, 45-47 (D.R.I. 2003); Pacheco, 225 F.3d at 150 (Straub, J., dissenting) ("Moreover, if 'aggravated felony' is read to include misdemeanor crimes of violence, the incongruous result would follow that the commission of three or more misdemeanors involving 'crimes against the person' is punishable by a prison term up to 10 years, while the commission of just one misdemeanor involving a 'crime of violence' is punishable by a prison term up to 20 years."). Nonetheless, § 2L1.2(b)(1) instructs the court to "Apply the Greatest" sentencing enhancement. Thus, the crime must be treated as an aggravated felony subject to an eight-level increase. See Simpson, 319 F.3d at 87.


2. Blakely

The day before oral argument, Appellant filed a letter pursuant to Local Rule 28(j) arguing that the sentence was unlawful on the ground that Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), undermine the Supreme Court's ruling in Almendarez-Torres v. United States, 523

U.S. 224, 235 (1998), which held that the prior "aggravated felony" language of 8 U.S.C. § 1326(b)(2) refers to a sentencing enhancement, not to an element of the offense. The letter also advocated that Appellant should be resentenced because post-Blakely, the Federal Guidelines are merely advisory.

Since Appellant's argument depends upon a decision that did not exist at the time of briefing, a 28(j) letter is a perfectly appropriate avenue by which to present it -- such letters are intended to provide the court with new authority. See Freeman v. Barnhart, 274 F.3d 606, 609 (1st Cir. 2001) (accepting Rule 28(j) letter making new arguments where they could not have been made before and the relevant statute permitted court to order new evidence taken at any time). The Government does not argue that the issue was raised in an untimely manner and has filed a Rule 28(j) letter in response.

The parties agree that the standard is plain error. Under the plain error test, an appellant "'bears the burden of demonstrating (1) an error, (2) that is plain, (3) that affects substantial rights (i.e., the error was not harmless), and (4) that seriously undermines the fairness, integrity, and public reputation of judicial proceedings.'" United States v. McCormack, 371 F.3d 22, 29 (1st Cir. 2004) (quoting United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40, 48 (1st Cir. 2004)).

In Apprendi, the Supreme Court stated: "Other than the fact of

a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). Blakely did not disturb the distinction between "the fact of a prior conviction" and other facts that "increase the penalty for a crime beyond a prescribed maximum." Blakely, 124 S. Ct. at 2536 (quoting and applying the Apprendi rule stated above). Accordingly, there was no error in the trial judge's consideration of the prior conviction. Even if there were such an error, Appellant has failed to demonstrate that it affected substantial rights of his because there is no dispute that he had a conviction. See United States v. Cotton, 535 U.S. 625, 632 (2002) (in a review of an Apprendi error, holding that the "third inquiry usually means that the error must have affected the outcome of the district court's proceedings").

Appellant has also launched a broadside attack on the validity of the Sentencing Guidelines under the Sixth Amendment. Even if the Sentencing Guidelines as a whole are ultimately declared invalid, we must decide whether any error in applying them was "plain." Compare United States v. Duncan, __ F.3d __, 2004 WL 1838020, at *3-*5 (11th Cir. August 18, 2004) (holding that any Blakely error was not "plain" under the plain error standard of review) with United States v. Ameline, 376 F.3d 967, 978 (9th Cir. 2004) (holding the contrary).

In determining whether the error was plain, the Supreme Court has explained: "Where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration." Johnson v. United States, 520 U.S. 461, 468 (1997). The question of the continuing validity of the Sentencing Guidelines is an issue that has roiled the federal courts, and split circuits. See, e.g., United States v. Booker, 375 F.3d 508 (7th Cir. 2004) (Posner, J.) (holding the Guidelines unconstitutional) (Easterbrook, J., dissenting), *cert. granted*, ___ S. Ct. ___, 2004 WL 1713654; United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622 (4th Cir. Sept. 8, 2004) (en banc) (upholding the Guidelines) (Wilkinson, J., Shedd, J., Widener, J., concurring; Motz, J., Michael, J., Gregory, J., dissenting); United States v. Koch, ___ F.3d ___, 2004 WL 1899930 (6th Cir. Aug. 26, 2004) (en banc) (upholding the Guidelines) (Martin, J., Daughtrey, J., Moore, J., Cole, J., Clay, J., dissenting). Whatever the outcome, the answer is neither plain nor obvious at the time of this appeal.

Because the trial judge's sentence was consistent with precedent, and the current law is unsettled, we conclude that there is no plain error.

**Affirmed**.