**UNITED STATES of America,**
**Appellee,**

v.

**James Michael COYNE, Defendant,**
**Appellant.**

**No. 03–2013.**

United States Court of Appeals,
First Circuit.

Nov. 3, 2004.

Tina Schneider, on brief, for appellant.

Joseph N. Laplante, Assistant United States Attorney, and Thomas J. Colantuono, United States Attorney, on brief, for appellee.

Before SELYA, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

James Michael Coyne, who pled guilty to conspiring to distribute methamphetamine, being a felon in possession of a dangerous weapon, and conspiring to commit money laundering, appeals his sentence. As originally briefed, this appeal raised only one issue—whether the district court erred in permitting Kathleen Martin, the sister of the victim of one of defendant's prior crimes, to speak at Coyne's sentencing hearing. After briefing was complete, however, Coyne was permitted

to file a supplemental brief discussing the impact on his appeal of the Supreme Court's intervening decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In that brief, Coyne argues that *Blakely* entitles him to resentencing because his sentence was increased on account of two factors that were neither admitted by him nor proved to a jury beyond a reasonable doubt. Because we conclude, for the reasons discussed below, that Coyne waived the original issue and that the *Blakely*-related issues do not present a "substantial question," Loc. R. 27(c), we summarily affirm the sentence.

## DISCUSSION

### A. *Allowing Sister of Victim of Previous Crime to Speak a Sentencing*

■ Where a party intentionally relinquishes or abandons a claim, that claim is waived and, unless that waiver is excused, appellate review is precluded. *United States v. Morgan*, 384 F.3d 1, 7 (1st Cir. 2004). Here, when asked for his position on whether Ms. Martin should be allowed to speak, Coyne's counsel stated, "Judge, not knowing what [she wants to say] and not being related to the counts or matters of conviction, I'm not sure where that would take us, and therefore, I think it's probably a better exercise of discretion not to." However, in response to the judge's further questioning, Coyne's counsel repeatedly agreed that hearing the statement would not improperly bias the judge. Once Ms. Martin began to speak, counsel did not object to the relevance of her remarks or move to strike them after the fact. Hence Coyne intentionally aban-

doned any objection he had to Ms. Martin's statement.[1]

■ Even if we were to excuse this waiver, we would find no violation of due process under the circumstances, where Coyne had an opportunity to object to, move to strike, or rebut the statement, and the judge repeatedly disavowed any reliance on it. *Cf. Curran*, 926 F.2d at 62 (finding insufficient process where sentencing court expressly relied on letters that defendant had never seen). Accordingly, no resentencing is warranted on this ground.

### B. *Blakely Issues*

■ Because Coyne raised his *Blakely*-related claims for the first time on appeal, they are reviewable, if at all, under a plain error standard. Coyne makes two such claims: that, under *Blakely*, he was entitled to have a jury decide, beyond a reasonable doubt, both the amount of methamphetamine attributable to him and whether use of a weapon in connection with the drug conspiracy was reasonably foreseeable and therefore also attributable to him. Neither of those claims survives plain error review.

In determining whether an error is plain, the court considers four factors:

> [B]efore an appellate court can correct an error not raised [below], there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity,

---

1. We reject the government's argument that because we lack jurisdiction to review the extent of a downward departure, we have no jurisdiction over Coyne's challenge to the allowance of Ms. Martin's statement. To the extent that Coyne is challenging the fairness of the sentencing process, we would have jurisdiction to consider this claim had he not waived it. *See United States v. Curran*, 926 F.2d 59, 62 (1st Cir.1991).

or public reputation of judicial proceedings.

*United States v. Savarese*, 385 F.3d 15, 22–23 (1st Cir.2004) (internal quotation marks and citations omitted). Under these standards, the errors alleged here were not "plain."

In the absence of a Supreme Court pronouncement that *Blakely* applies to the federal sentencing guidelines, *see Blakely*, 124 S.Ct. at 2538 n. 9 (stating that "[t]he Federal Guidelines are not before [the Court] and ... express[ing] no opinion on them"), federal sentencing decisions following pre-*Blakely* precedents are not plainly erroneous, *United States v. Cordoza–Estrada*, 385 F.3d 56, 59–60 (1st Cir. 2004); *Morgan*, 384 F.3d at 8. Under those precedents, only a "fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added); *see also, e.g., United States v. Collazo–Aponte*, 281 F.3d 320, 324 (1st Cir.) (finding no right to jury trial on sentencing factors where, even with enhancements, defendant's sentence was less than applicable statutory maximum), *cert. denied*, 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002). Here, the 151–month sentence imposed falls far short of the statutory maximum penalty of life imprisonment for a conspiracy to distribute 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, the principal crime at issue here. Accordingly, under pre-*Blakely* precedent "(not yet clearly established to be erroneous), ... [no] plain error occurred." *Morgan*, 384 F.3d at 8.

Even if the alleged errors were "plain," we would nevertheless decline to order resentencing because Coyne did not contest in the district court the facts that he now argues should have been submitted to a jury. Therefore, "there is no basis for concluding that the [failure to submit those facts to a jury] seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Savarese*, 385 F.3d at 23 (internal quotation marks and citations omitted). Although Coyne initially objected to the Presentence Report's findings that he was accountable for the total amount of the drug weight and for the use of a weapon in the drug conspiracy, at his sentencing hearing he expressly abandoned any factual objections to the Presentence Report.

In sum, because Coyne waived his objection to permitting Ms. Martin to speak at his sentencing hearing and because the district court did not plainly err in failing to have a jury determine whether Coyne was accountable for the full amount of the drug weight involved and the use of a weapon in connection with the drug conspiracy, Coyne's sentence is *summarily affirmed*. *See* Loc. R. 27(c).