**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2013

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES MICHAEL COYNE,

Defendant, Appellant.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before

Selya, Lynch and Lipez,
Circuit Judges.

Tina Schneider on brief for appellant.
Joseph N. Laplante, Assistant United States Attorney,
and Thomas J. Colantuono, United States Attorney, on brief for
appellee.

August 24, 2005

**Per Curiam**.  After this court affirmed the sentence of defendant-appellant James Michael Coyne, United States v. Coyne, 114 Fed. Appx. 5 (1st Cir. Nov. 3, 2004) (per curiam) (unpublished), Coyne petitioned for certiorari.  While his petition was pending, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), and, in a routine order, granted the petition for certiorari, vacated this court's judgment, and remanded for further consideration in light of Booker, Coyne v. United States, 125 S. Ct. 1088 (2005).  We then allowed Coyne's request to file a supplemental brief and invited the government to file a supplemental brief as well.  After reviewing those briefs and the underlying record, we again uphold Coyne's sentence and reinstate our original judgment.

ANALYSIS

Coyne seeks a remand for resentencing under post-Booker standards.  In support of that request, he argues, first, that this court should reconsider United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005), which places the burden on a defendant raising an unpreserved Booker argument on appeal to "point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime."  Id. at 75.  Second, Coyne argues, in the alternative, that he has satisfied the third prong of the

-3-

<u>Antonakopoulos</u> plain-error standard for reviewing unpreserved <u>Booker</u> errors.[1]  Neither of those arguments is meritorious.

The first argument can be quickly disposed of.  We have already made clear that subsequent panels are bound to follow <u>Antonakopoulos</u>.  <u>See</u> <u>United States</u> v. <u>Villafane-Jimenez</u>, 410 F.3d 74, 85 (1st Cir. 2005) (per curiam); <u>United States</u> v. <u>Bailey</u>, 405 F.3d 102, 114 (1st Cir. 2005).

Nor has Coyne satisfied his burden of showing a "reasonable probability" that the district court would have imposed a lower sentence had it realized that the Guidelines could have been treated as advisory.  <u>Antonakopoulos</u>, 399 F.3d at 75; <u>see also</u> <u>United States</u> v. <u>Heldeman</u>, 402 F.3d 220, 224 (1st Cir. 2005).  To the contrary, comments by the sentencing judge on the seriousness of Coyne's drug offense indicate that the judge would likely have imposed the same sentence under an advisory Guidelines regime.  <u>See</u> <u>United States</u> v. <u>Vega Molina</u>, 407 F.3d 511, 534 (1st Cir. 2005); <u>United States</u> v. <u>McLean</u>, 409 F.3d 492, 505 (1st Cir. 2005).  Other indications that a lighter sentence would have been improbable under advisory Guidelines are that the judge declined to exercise his discretion to depart downward based on various mitigating factors argued by the defendant and imposed a harsher sentence than the government recommended.  <u>See</u>

---

[1]It is undisputed that the alleged error--sentencing under mandatory Guidelines--was unpreserved and that defendant has satisfied the first two prongs of the plain-error test.

<u>United States</u> v. <u>Luciano</u>, 2005 WL 1594576, at *3 (1st Cir. July 8, 2005).

The fact that the court sentenced Coyne to the bottom of the applicable Guideline range is not sufficient, in itself, to indicate a reasonable probability that the court would have imposed an even lower sentence if it had the discretion to do so. <u>United States</u> v. <u>Kornegay</u>, 410 F.3d 89, 99-100 (1st Cir. 2005). And, even assuming, without deciding, that Coyne's post-sentencing conduct as an allegedly "model inmate" has any relevance here, such conduct would not likely result in a lighter sentence for the underlying offense.

<u>CONCLUSION</u>

For the above reasons, we again affirm the sentence, and order our earlier judgment reinstated.

<u>So ordered</u>.