**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2283

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN TAVERAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin and Campbell, Senior Circuit Judges.

Todd A. Bussert on brief for appellant.
Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney (Appellate Chief), on brief for appellee.

December 21, 2004

**Per Curiam**.  This is an appeal from a sentence imposed pursuant to the federal sentencing guidelines.  The underlying case arose out of a two-count superseding indictment that charged defendant-appellant Juan Taveras with conspiracy to possess with intent to distribute fifty grams or more of cocaine base and a detectable amount of heroin (count 1) and distribution of five grams or more of cocaine base and a detectable amount of heroin (count 2).  See 21 U.S.C. §§ 841(a)(1), 846.  The appellant eventually entered a straight plea of guilty (i.e., a plea unaccompanied by a plea agreement) to count 2 of the superseding indictment.[1]

The district court convened a sentencing hearing on September 3, 2003.  It found the appellant responsible for 54.9 grams of cocaine base and 67.365 grams of heroin, aggregating 1,165.4 kilograms of marijuana equivalent.  That finding yielded a base offense level of 32.  See USSG §2D1.1.  The court subtracted three levels for acceptance of responsibility, id. §3E1.1; placed the appellant in criminal history category III; and constructed a guideline sentencing range of 108-135 months, see id. Ch.5, Pt.A (sentencing table).  The court proceeded to sentence the appellant to a 118-month incarcerative term, four years of supervised release, and payment of a $100 special assessment.

---

[1]The district court dismissed count 1 on the government's motion.

In essence, the appellant assigns error in only two respects. First, he contests the sentencing court's drug-quantity determination. Second, he advances a constitutional challenge to his sentence based on the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). As we explain below, both assignments of error lack merit.

## Drug Quantity

Drug quantity often drives the length of a defendant's sentence in a narcotics trafficking case. See United States v. Sepulveda, 15 F.3d 1161, 1196 (1st Cir. 1993). For sentencing purposes, a defendant is accountable not only for drugs that were actually involved in the crime of conviction but also for what was involved in any "relevant conduct." See United States v. Laboy, 351 F.3d 578, 582 (1st Cir. 2003); see also USSG §1B1.3. Relevant conduct includes all acts "'that were part of the same course of conduct or common scheme or plan as the offense of conviction,' whether or not charged in the indictment." United States v. Sklar, 920 F.2d 107, 110 (1st Cir. 1990) (quoting USSG §1B1.3(a)(2)).

At sentencing, the government bears the burden of proving drug quantity. See United States v. Huddleston, 194 F.3d 214, 224 (1st Cir. 1999). In determining drug quantity, the sentencing court may accept, and act upon, any reliable evidence. See Sklar, 920 F.2d at 113. Typically, the court makes its drug-quantity determination by reference to a preponderance of the evidence. See

<u>United States</u> v. <u>Eirby</u>, 262 F.3d 31, 37 (1st Cir. 2001). Under that standard, the amount need not be exact; "[a]n approximation of drug quantity will be upheld 'as long as it represents a reasoned estimate.'" <u>Huddleston</u>, 194 F.3d at 224 (quoting <u>United States</u> v. <u>Webster</u>, 54 F.3d 1, 5 (1st Cir. 1995)).

The court below credited some of the testimony of Michael Pushard, the appellant's "middleman," who testified at the disposition hearing as a government witness. The appellant concedes that Pushard's testimony, if taken at face value, supports the disputed drug-quantity finding. He argues, however, that Pushard was a turned accomplice, a heroin addict, an inconsistent and at times self-contradictory witness, and otherwise unreliable.

A sentencing court has considerable latitude in making credibility determinations. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Sanchez</u>, 354 F.3d 70, 83 (1st Cir.), <u>cert.</u> <u>denied</u>, 124 S. Ct. 2187, 2189 (2004); <u>United States</u> v. <u>Olivier-Diaz</u>, 13 F.3d 1, 4 (1st Cir. 1993). The standard of review is deferential, as an appellate court will set aside a sentencing court's factual findings only for clear error. <u>United States</u> v. <u>Ruiz</u>, 905 F.2d 499, 507 (1st Cir. 1990). Under that standard, we must affirm the district court's decision "[s]o long as [it] is based on reasonable inferences drawn from adequately supported facts." <u>United States</u> v. <u>Santos</u>, 357 F.3d 136, 142 (1st Cir. 2004).

-4-

We have reviewed the presentence investigation report, the sentencing transcript, and other relevant materials. Having done so, we are not left with an impression that the sentencing court's drug-quantity finding is outside the realm of reason. After all, it is within the sentencing court's purview to credit some portions of a witness's testimony, but not others. See, e.g., Huddleston, 194 F.3d at 223-24 (explaining that a factfinder may reject a witness's testimony as to one matter, but accept it as to another). That is what the court did here with regard to Pushard's testimony. That testimony, though suspect for the reasons cited by the appellant, was not so farfetched as to require the court to ignore it entirely.

We give credit where credit is due. Mindful of the circumstances, the sentencing court took care to limit its reliance upon Pushard's testimony, making findings only as to transactions proven by a preponderance of the evidence and excluding from its calculus those deliveries supported by weaker or otherwise uncorroborated testimony. That cautious approach warrants our respect. Cf. United States v. Whiting, 28 F.3d 1296, 1305 (1st Cir. 1994) (noting that a court must take "special care" in approximating drug quantity but assigning no error to a "conservative estimate [that] left a fair margin of safety"). We therefore reject the appellant's attack on the sentencing court's drug-quantity finding.

## **Blakely**

The appellant also invites this court to set aside his sentence on the basis of the Supreme Court's decision in <u>Blakely</u> v. <u>Washington</u>, 124 S. Ct. 2531 (2004). We refuse the invitation.

<u>Blakely</u> examined the constitutionality of a Washington state sentencing scheme. After the defendant pleaded guilty to kidnaping, the trial court imposed a sentence above the statutory maximum based on a finding of "deliberate cruelty." <u>Id.</u> at 2534-35. The Supreme Court noted that this finding was "neither admitted by [the defendant] nor found by a jury," <u>id.</u> at 2537, and declared the augmented sentence to be violative of Blakely's Sixth Amendment right to trial by jury, <u>id.</u> at 2538.

While the Court made clear that the federal sentencing guidelines were not before it and expressed no opinion on their validity, <u>id.</u> at 2538 n.9, the rationale of <u>Blakely</u> calls their constitutionality into doubt. Indeed, the Court has recently taken this question under advisement. <u>See</u> <u>United States</u> v. <u>Booker</u>, No. 04-104 (argued Oct. 4, 2004); <u>United States</u> v. <u>Fanfan</u>, No. 04-105 (argued Oct. 4, 2004). That doubt, however, does not redound to the appellant's benefit.

In this case, the sentencing court ruled, inter alia, that the appellant's base offense level should be increased due to its drug-quantity determination. The increase in the offense level yielded an elevated guideline sentencing range and, thus, led to a

more onerous sentence.  The appellant now attempts, for the first time, to mount a Blakely challenge.  He posits, correctly, that the fact on which the upward adjustment depends — drug quantity — was neither determined by a jury nor established beyond a reasonable doubt.

Leaving to one side the fact that this case involves a guilty plea, not a jury verdict, the record is crystal clear that the appellant failed to advance this argument in the lower court.[2] Arguably, this omission constitutes a waiver; if not, it constitutes a forfeiture.  See United States v. Morgan, 384 F.3d 1, 7-8 (1st Cir. 2004) (discussing this question); see also United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (explicating the different consequences of waiver and forfeiture), cert. denied, 538 U.S. 937 (2003).  We need not resolve that question today.  Assuming, favorably to the appellant, that the omission constitutes a forfeiture, his argument fails.

Forfeited claims are reviewable only for plain error. See Rodriguez, 311 F.3d at 437.  Plain error review is not appellant-friendly.  Under that standard, the court of appeals will reverse the trial court's decision only if a defendant demonstrates "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4)

_____

[2]The fact that Blakely had not been decided at the time of sentencing does not excuse this default.  See United States v. Del Rosario, 388 F.3d 1, 13 n.8 (1st Cir. 2004).

-7-

seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). We discern no plain error here.

As said, the district court sentenced the appellant on September 3, 2003. That was nine months before the Supreme Court decided Blakely. Circuit precedent in force at the time of sentencing, in line with the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), provided that a drug-quantity finding did not need to be presented to a jury or proven beyond a reasonable doubt so long as the resulting sentence did not exceed the statutory maximum for the offense of conviction. See, e.g., Derman v. United States, 298 F.3d 34, 43 (1st Cir.), cert. denied, 537 U.S. 1048 (2002); Eirby, 262 F.3d at 37; United States v. Robinson, 241 F.3d 115, 119 (1st Cir. 2001).

Here, the offense to which the appellant pleaded carries a maximum sentence of forty years. See 21 U.S.C. § 841(b)(1)(B). Whether Blakely has fatally undermined previous circuit authority is an unsettled question and, whatever the ultimate outcome, the answer is at this moment neither clear nor obvious. Accordingly, we cannot hold that the district court committed plain error when it sentenced the appellant on the bases, in part, of the disputed drug-quantity finding and the dates of the relevant conduct. See United States v. Del Rosario, 388 F.3d 1, 14-15 (1st Cir. 2004);

United States v. Cordoza-Estrada, 385 F.3d 56, 60 (1st Cir. 2004) (per curiam); Morgan, 384 F.3d at 8.

We need go no further. For the reasons elucidated above, the appellant's conviction and sentence are summarily affirmed. See 1st Cir. R. 27(c).

**Affirmed**.