**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1941

UNITED STATES,

Appellee,

v.

NICHOLAS ALVAREZ-ENCISO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Bjorn Lange, Assistant Federal Public Defender, on brief for appellant.
Mark S. Zuckerman, Assistant U.S. Attorney, and Thomas P. Colantuono, United States Attorney, on brief for appellee.

June 9, 2006

**Per Curiam**. Defendant-appellant Nicholas Alvarez-Enciso appeals from his sentence imposed following his guilty plea to illegal re-entry to the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).[1] Appellant does not challenge the district court's calculation of the advisory guideline sentencing range (GSR), but argues that the sentencing court's failure to reduce his sentence below the GSR of 24 to 30 months based on certain mitigating factors was unreasonable and resulted in a sentence that was greater than necessary to effectuate the statutory purposes under 18 U.S.C. § 3553(a).

Neither party disputes the calculation of that GSR. Alvarez filed a sentencing memorandum requesting an 18-month sentence, pressing certain mitigating factors as grounds for sentencing below the GSR. The government filed an opposition to that request and, at sentencing, recommended 24 months, at the bottom of the applicable GSR. The court noted that in view of Alvarez's prior deportations and repeated illegal re-entries, a sentence in excess of 24 months would be warranted. However, it followed the government's recommendation and imposed a 24-month sentence. The court specifically mentioned several of the mitigating factors relied upon by Alvarez, as well as the factors mentioned by the government as reasons not to sentence him below the GSR. Finally, the court referred to specific sentencing

---

[1] 8 U.S.C. § 1326(b)(2) establishes a maximum sentence of 20 years where the removal was subsequent to a conviction for commission of an "aggravated felony."

purposes set forth in 18 U.S.C. § 3553(a), in explaining its reason for imposing a 24-month sentence.

None of the mitigating factors relied upon by Alvarez renders his sentence unreasonable.  The first factor Alvarez relies upon is the disparity created by the absence of a "fast-track" program.  As Alvarez concedes in a Rule 28(j) letter, Jimenez-Beltre "largely resolve[s] the parties' arguments about the absence of a 'fast-track program' in the District of New Hampshire."  In Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc), we held that at least where a defendant had failed to "furnish[] a factual basis for assessing the extent of the disparities or provided a reason why to take them into account," the sentencing court did not act unreasonably in declining to alter the sentence on that basis. See also United States v. Martinez-Flores, 428 F.3d 22, 30 n. 3 (1st Cir. 2005) (stating, in dicta, that "[i]t is arguable that even post-Booker, it would never be reasonable to depart downward based on disparities between fast-track and non-fast-track jurisdictions given Congress' clear (if implied) statement in the PROTECT Act provision that such disparities are acceptable"), cert. denied, __ U.S. __, 126 S. Ct. 1449 (2006).

The second factor on which Alvarez relies in support of his request for a reduced sentence is the nature of the "aggravated felony" on which his eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) was based. The underlying convictions were for "Criminal Threatening" and "Simple Assault," arising from a single incident involving Alvarez's assault upon a bartender who had evicted him for creating a disturbance. Those convictions resulted in two one-year sentences, which were suspended except for 183 days of time served.

Appellant acknowledges that under United States v. Cordoza-Estrada, 385 F.3d 56, 57-58 (1st Cir. 2004), the convictions constitute an aggravated felony regardless of the fact that much of the prison term was suspended. The mere fact that if the suspended sentence imposed had been for less than one year, the eight-level enhancement would not have been triggered does not render the instant sentence unreasonable. Alvarez's argument that the light sentences imposed demonstrate that the description of the offense conduct contained in the presentence investigation report (PSR) must be exaggerated is also unavailing. Alvarez did not object at sentencing to the factual description of his conduct contained in the PSR.

The final mitigating factor on which Alvarez relies is "cultural assimilation," based on his family ties and work history in this country. Assuming, without deciding, that cultural

-4-

assimilation might provide a proper basis for granting a sentence below the GSR in certain illegal re-entry cases, it was not unreasonable to decline to reduce Alvarez's sentence on this basis. Alvarez was twenty years old when he came to this country. He is unmarried, has one daughter living in Mexico, and is estranged from his other daughter (who lives in the United States). While in the United States, he lived and worked in at least three different states.

The district court specifically stated that it had taken family ties into account, finding that Alvarez "has substantial family ties to the United States and fewer ties to his native Mexico." However, the court also took into account that Alvarez had repeatedly re-entered the country following deportation. It was not unreasonable for the district court to find that Alvarez's family ties were counterbalanced by his repeated immigration offenses. See United States v. Rodriguez-Rodriguez, 441 F.3d 767, 770 (9th Cir. 2006)(holding that district court's determination that cultural assimilation factors were counterbalanced by defendant's extensive criminal history was not unreasonable); cf. United States v. Zapete-Garcia, __ F.3d __, 2006 WL 1216670, at * 2 (1st Cir., May 8, 2006)(noting that it is not necessarily unreasonable for a judge to increase the sentence (above the GSR) of a defendant who had previously been deported more than once).

In imposing the 24-month sentence, the court expressly identified the § 3553(a) purposes that would be effectuated by the sentence imposed: to "reflect the seriousness of the offense . . . and . . . provide just punishment for the offense," and "afford adequate deterrence to others who may consider reentering the country after deportation and will protect the public from further crimes of this defendant." The court did not expressly address each of the mitigating factors raised by Alvarez, however its "reasoning can be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did." Jimenez-Beltre, 440 F.3d at 519. While the court did not specifically mention the "parsimony provision," under § 3553(a), it stated that Alvarez's repeated illegal re-entries alone would warrant imposing a sentence in *excess* of 24 months and identified the purposes served by the sentence imposed. On this record, those statements "suffice[] as a conclusion that the sentence was not longer than necessary." United States v. Alli, 444 F.3d 34, 41 (1st Cir. 2006).

The district court's calculation of the guideline range is uncontested. The court provided a reasoned explanation for the sentence it imposed, identifying the statutory purposes that would be served. And the outcome - a sentence at the bottom of that range - is plausible. See Jimenez-Beltre, 440 F.3d at 519.

Accordingly, we summarily <u>affirm</u> the sentence. <u>See</u> 1st Cir. R. 27(c).

<u>Affirmed</u>.