**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DANIEL ALVAREZ-GUTIERREZ,
            *Defendant-Appellant.*

No. 04-10241

D.C. No.
CR-03-02064-JMR

OPINION

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted
November 3, 2004—San Francisco, California

Filed January 14, 2005

Before: Stephen Reinhardt, David R. Thompson, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Thompson;
Concurrence by Judge Reinhardt;
Dissent by Judge Berzon

**COUNSEL**

John D. Kaufmann, Tucson, Arizona, for the defendant-appellant.

Bruce M. Ferg, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

---

**OPINION**

THOMPSON, Circuit Judge:

The defendant-appellant Daniel Alvarez-Gutierrez pleaded guilty to illegal entry after deportation in violation of 8 U.S.C. § 1326 (2003). In imposing sentence, the district court enhanced Alvarez-Gutierrez's base offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C) (2003), which provides for such an increase when a defendant was previously deported after conviction of an "aggravated felony."

Alvarez-Gutierrez had been previously deported after conviction of statutory sexual seduction, a gross misdemeanor under Nevada state law. The district court determined that this misdemeanor conviction constituted "sexual abuse of a minor" for purposes of applying the Sentencing Guidelines, and thus was a conviction of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A) (2003).

The district court also classified Alvarez-Gutierrez's state misdemeanor offense as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) (2003), which defines "aggravated felony" as "a crime of violence . . . for which the term of imprisonment [is] at least one year."

Alvarez-Gutierrez appeals his sentence, contending that the district court wrongly enhanced his base offense level by clas-

sifying his state misdemeanor offense as an "aggravated felony." We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because we affirm the district court's enhancement by its reliance upon the definition of "aggravated felony" in § 1101(a)(43)(A), we do not decide whether the enhancement was also appropriate under § 1101(a)(43)(F).

I

Alvarez-Gutierrez is a citizen of Mexico. In April 2002, at the age of 19, while residing in Reno, Nevada, he was charged with statutory sexual seduction, a "gross misdemeanor" under Nevada law, for having had sexual intercourse with a 14-year-old girl. Nev. Rev. Stat. §§ 200.364, 368 (2002). That offense is punishable by a sentence of up to one year. *Id*. at § 193.140 (2002). Alvarez-Gutierrez pleaded guilty and was sentenced to 12 months in jail. He was deported to Mexico on November 15, 2002.

Alvarez-Gutierrez attempted to return to this country and was arrested on September 24, 2003, near Sonoita, Arizona. He was charged with illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He pleaded guilty and was sentenced by the district court to 16 months incarceration to be followed by 36 months of supervised release. His sentence was calculated using an eight-level enhancement, because he had a prior conviction for an "aggravated felony." *See* U.S.S.G. § 2L1.2(b)(1)(C). The prior "aggravated felony" was the Nevada misdemeanor offense.

II

**[1]** The applicable Guideline commentary provides: "For purposes of [U.S.S.G. § 2L1.2](b)(1)(C), 'aggravated felony' has the meaning given that term in . . . 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2(b)(1)(C), cmt n. 3(A). Under 8 U.S.C. 1101(a)(43)(A), the term "aggravated felony" is defined as including "sexual abuse of a minor."

**[2]** The first issue we confront is whether, for Sentencing Guidelines purposes, Alvarez-Gutierrez's Nevada conviction for statutory sexual seduction constitutes a conviction for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). Our resolution of this issue is governed by our decision in *United States v. Pereira-Salmeron*, 337 F.3d 1148 (9th Cir. 2003). In *Pereira-Salmeron* we held that a state felony conviction for "carnally know[ing] . . . a child . . . under fifteen years of age" constitutes a conviction of "sexual abuse of a minor" for purposes of applying the Guidelines. *Id.* at 1155 (analyzing Va. Code § 18.2-63). We stated that "the conduct covered by the Virginia law 'indisputably falls within the common, everyday meanings of the words 'sexual' and 'minor.' . . . The use of young children for the gratification of sexual desires constitutes an abuse.' " *Id.* at 1155 (quoting *United States v. Baron-Medina,* 187 F.3d 1144, 1147 (9th Cir. 1999), *cert. denied*, 531 U.S. 1167 (2001)).

**[3]** The Nevada sexual seduction statute under which Alvarez-Gutierrez was convicted criminalizes sexual acts by a person 18 years of age or older with a person under the age of 16 years. Nev. Rev. Stat. § 200.364. Applying *Pereira-Salmeron*, we conclude that, for federal sentencing purposes, Alvarez-Gutierrez's conviction under Nevada state law for statutory sexual seduction constitutes a conviction for "sexual abuse of a minor" as that term is used in 8 U.S.C. § 1101(a)(43)(A).

### III

**[4]** Alvarez-Gutierrez's state law conviction, however, was not a conviction of a felony as that term is traditionally understood. *See Black's Law Dictionary* 555 (5th ed. 1979); *United States v. Gonzalez-Tamariz*, 310 F.3d 1168, 1172 (9th Cir. 2002) (Berzon, J., dissenting) ("long-established usage" of the term "felony" means "crimes as to which the maximum sentence is more than one year"). Alvarez-Gutierrez's conviction was of a gross misdemeanor, for which the punishment under

Nevada law is imprisonment for up to one year. Nev. Rev. Stat. § 193.140. The issue thus becomes whether a crime, which is not a traditional felony and which is classified as a misdemeanor under state law, may nonetheless be classified as an aggravated felony under 8 U.S.C. § 1101(a)(43).

**[5]** In *Gonzalez-Tamariz* we analyzed this issue under 8 U.S.C. § 1101(a)(43)(F)[1] in relation to a state misdemeanor conviction of a crime of violence (battery causing substantial bodily harm) for which the defendant was sentenced to imprisonment for one year. *Gonzalez-Tamariz*, 310 F.3d at 1170-71. We held that "a crime may be classified as an 'aggravated felony' under 8 U.S.C. § 1101(a)(43)[(F)] without regard to whether, under state law, the crime is labeled a felony or a misdemeanor," when the crime is a crime of violence and the sentence imposed by the state court is one year. *Gonzalez-Tamariz*, 310 F.3d at 1171.

**[6]** Here, the district court classified Alvarez-Gutierrez's prior conviction as a conviction of an aggravated felony under 8 U.S.C. § 1101(a)(43)(A),[2] which makes no reference to any term of imprisonment. *Compare* 8 U.S.C. § 1101(a)(43)(A), *with* § 1101(a)(43)(F). That classification was correct. Section 1101(a)(43) provides that "The term 'aggravated felony' means—" and is followed by a list of offenses in subsections (A) through (U). Subsection (A) defines an "aggravated felony" as "murder, rape, or sexual abuse of a minor." Unlike subsection (A), a number of the subsections that follow it define "aggravated felony" by including a reference to the

---

[1]8 U.S.C. § 1143(a)(43)(F) provides:

  "(43) The term 'aggravated felony' means . . .

    (F)  a crime of violence . . . for which the term of imprisonment [is] at least one year;".

[2]8 U.S.C. § 1143(a)(43)(A) provides:

  "(43) The term 'aggravated felony' means . . .

    (A)  murder, rape, or sexual abuse of a minor;".

term of imprisonment. *See* 8 U.S.C. §§ 1101(a)(43)(F), (G), (R), and (S) ("term of imprisonment is at least one year"); § 1101(a)(43)(J) ("one year imprisonment or more").

**[7]** The absence of any qualifying language with reference to the particular offenses listed in § 1101(a)(43)(A) is significant. Ordinarily, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Thus, if Congress intended for the offenses listed in § 1101(a)(43)(A), one of which is sexual abuse of a minor, to include only offenses carrying a particular term of imprisonment, it would have said so expressly as it did in later subsections of the same section; it did not. Moreover, by placing the term "aggravated felony" in 8 U.S.C. § 1101(a)(43) within quotation marks immediately followed by the word "means," Congress made "aggravated felony" a term of art, defined by the subsections following it.

**[8]** "As a rule, '[a] definition which declares what a term 'means' . . . excludes any meaning that is not stated.' " *Colautti v. Franklin*, 439 U.S. 379, 392-93 n.10 (1979) (quoting 2A C. Sands, Statutes and Statutory Construction § 47.07 (4th ed. Supp. 1978), *overruled on other grounds by Webster v. Reproductive Health Servs.*, 492 U.S. 490 (1989). There is nothing in 8 U.S.C. § 1101(a)(43)(A) that requires the offenses listed in that subsection to be felonies as that term is traditionally understood, or that requires those offenses to be punishable by any particular term of imprisonment. Because Congress chose to define "aggravated felony" in this manner, it is irrelevant that the state offense of which Alvarez-Gutierrez was convicted is not a traditional felony or that it is classified under state law as a misdemeanor. Under the authority of *Pereira-Salmeron*, 337 F.3d at 1155, Alvarez-Gutierrez's state conviction for statutory sexual seduction is a conviction for "sexual abuse of a minor" for purposes of

federal sentencing law; and "sexual abuse of a minor" is an "aggravated felony," as that term of art is defined by 8 U.S.C. § 1101(a)(43)(A). We are "not at liberty to look beyond [this] statutory definition." *United States v. Smith*, 155 F.3d 1051, 1057 (9th Cir. 1998), *cert. denied*, 525 U.S. 1071 (1999).

## IV

**[9]** We conclude that the district court did not err by classifying Alvarez-Gutierrez's state misdemeanor conviction as a conviction of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A), and enhancing his base offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

**AFFIRMED.**

---

REINHARDT, Circuit Judge, concurring:

I am compelled by *Gonzalez-Tamariz* to join in Judge Thompson's opinion for the court. If "aggravated felony" includes misdemeanors for the purposes of 8 U.S.C. § 1101(a)(43)(G) as it does under the law of our circuit and others, it certainly includes misdemeanors for the purposes of 8 U.S.C. § 1101(a)(43)(A). Indeed it necessarily includes misdemeanors for the purposes of all the sub-sections of 8 U.S.C. § 1101(a)(43).

Judge Berzon's dissent in *Gonzalez-Tamariz* makes sense to me: A felony is a felony, and a misdemeanor is not. That is elementary. We are now, however, as Judge Berzon acknowledges, past that point. For purposes of our often incoherent and senseless federal sentencing policies, a "felony" can include a "misdemeanor." Worse, an egregious felony, i.e. an "aggravated felony," can include a misdemeanor. One would think that there would be some limit to the abuse of the English language by lawmakers. Apparently not. Still, we

must follow the law, and our circuit is in line with all the others when we hold that a misdemeanor can constitute an aggravated felony for the purposes of 8 U.S.C. § 1101(a)(43).

To hold, as Judge Berzon would, that because, under the statute, a misdemeanor theft offense must result in an actual sentence of one year in order to constitute an aggravated felony, a more serious type of offense, such as "murder, rape, or sexual abuse of a minor" must also result in a sentence of that length in order to be so classified seems to me unsupportable, given that the statute contains a one-year-minimum actual sentence provision for the lesser offense but imposes no such requirement in the case of the greater crime. We simply cannot ignore the fact that under 8 U.S.C. § 1101(a)(43) the requirement that the actual sentence imposed be at least one year is generally contained in the sub-sections applicable to the less serious types of offenses and that no such additional condition is ordinarily contained in the sub-sections applicable to the more serious offenses. While we may not agree that all the sub-sections without the additional requirement are indeed more serious than all those that contain it, it is evident that most are, and that as to those on which we might disagree, our lawmakers have made a judgment as to seriousness that is within the area of their legislative authority.

In short, if we accept *Gonzalez-Tamariz*, as we must, the result here is inevitable. There is simply no way to say, as Judge Berzon would have us do, that a person convicted of 8 U.S.C. § 1101(a)(43)(A) must receive a sentence of more than a year before his offense will be classified as an aggravated felony while a person who commits the less serious type of offense covered by 8 U.S.C. § 1101(a)(43)(G) will be deemed to have committed such a felony even though his sentence is for a lesser period. Such a construction would compound the violence we have already done to the English language in this statute by taking a limitation designed to exclude from the aggravated felony classification certain less serious misdemeanor offenses when a lesser punishment is imposed, and to

treat that limiting language as having precisely the opposite effect: requiring minor theft offenses to be classified as aggravated felonies when sentences are imposed that are shorter than the minimum sentences that would warrant felony classification in the case of far more serious types of offenses. If, as Judge Berzon concludes, *Leocal* does not permit us to overrule *Gonzalez-Tamariz*, it does not permit us to treat other sub-sections of the statute in a manner that would be wholly inconsistent with that which we held in that case.

Although I find Judge Berzon's historical analysis interesting, the fact remains that Congress deemed certain offenses to be sufficiently serious that they are classified as "aggravated felonies" regardless of the sentences imposed in particular cases. Other lesser offenses, Congress provided, would be so classified only in cases in which the defendant received a sentence of at least a year. Congress, wisely or not, placed sexual abuse of a minor in the same category as murder and rape, a category of offenses which ipso facto constitute aggravated felonies. It is true that persons who commit such offenses will generally not be sentenced to a term of confinement of a year or less. When they are, however, the nature of the crime requires, in Congress's view, that the offense remain an aggravated felony regardless.

I simply cannot accept the alternative Judge Berzon constructs: that in the case of the more serious crimes Congress intended that offenses would count only if the sentence imposed were for a year and a day, but with respect to the lesser crimes the offense would count if the sentence were for one day less, but not two. I cannot imagine why Congress would have wanted to treat as aggravated felonies lesser offenses that result in sentences of less than a year and a day but to exclude from that category more serious crimes for which the offender receives that identical sentence. Nor can I imagine why Congress would have prescribed only a one day difference in the length of sentence necessary for the inclusion of less serious crimes, even if for some odd reason

it wished to include such offenses when they result in lesser punishment than is required for the inclusion of more serious offenses.

Judge Thompson's opinion for the court dutifully applies the law as it has been construed in this and other circuits. I am required to join him in doing so.

---

BERZON, Circuit Judge, dissenting:

In *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004), handed down six days after argument in this case, the Supreme Court considered the meaning of 18 U.S.C. § 16, which reads as follows:

The term "crime of violence" means—

(a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Court held that, in ascertaining whether driving under the influence (DUI) is a "crime of violence" as defined by 18 U.S.C. § 16, "we cannot forget that we ultimately are determining the meaning of the term 'crime of violence.' " *Id.* at 383. *Leocal* thus underscores that courts ordinarily should interpret statutory language defining what a certain term "means" by paying *some* attention to the term being defined.

Prior to *Leocal*, this court examined whether a misdemeanor — that is, a crime for which the maximum sentence is one year or less — can be an "aggravated felony" for purposes of 8 U.S.C. § 1101(a)(43). The structure of § 1101(a)(43) is precisely the same as 18 U.S.C. § 16: it specifies a term describing certain crimes — here, "aggravated felony" — and then states what that term "means." The term being defined, in plain language, describes a "felony" that is "aggravated." "Felony" has an established legal meaning, namely, a crime for which one can be imprisoned for *more* than one year. *See, e.g.*, 18 U.S.C. § 3559(a); U.S.S.G. § 2L1.2, cmt. n.2; *see also United States v. Graham*, 169 F.3d 787, 792 (3d Cir. 1999) (tracing the more-than one-year line back to 1865).[1] When Congress first codified the term "aggravated felony" in 1988,[2] then, there was no need for it to define "felony"; "aggravated" is what needed to be given content.

Nonetheless, this court, like all others that have addressed the question, has concluded that, where the subsection of § 1101(a)(43) specifies a minimum term of imprisonment of "at least one year," an offense need not be a "felony" at all to be an "aggravated felony." *See United States v. Gonzalez-Tamariz*, 310 F.3d 1168 (9th Cir.), *cert. denied*, 538 U.S. 1008 (2003); *see also United States v. Cordoza-Estrada*, 385 F.3d 56, 58 (1st Cir. 2004) (per curiam) ("We agree with the phalanx of circuit courts that have rejected similar challenges and held that the statutory definition of the term 'aggravated felony' in § 1101(a)(43) is a term of art that includes within

---

[1]The emphasis on a term *exceeding* one year has its roots in the common-law "year-and-a-day" rubric, which we recently discussed in *Lagandaon v. Ashcroft*, 383 F.3d 983, 991-92 (9th Cir. 2004).

[2]*See* Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7342, 102 Stat. 4181, 4469-70 (codified as amended at 8 U.S.C. § 1101(a)(43)). The original definition of "aggravated felony" included only murder, drug trafficking crimes as defined by 18 U.S.C. § 924(c)(2), and firearms trafficking as defined by 18 U.S.C. § 921. *See id.*

its ambit certain misdemeanors under state law that carry a sentence of at least one year.").[3]

This reasoning, I submit, is in some tension with the later-decided *Leocal*. It assumes, contrary to *Leocal*, that the usual meaning of the term being defined can be no-never-mind when determining congressional intent. *Gonzalez-Tamariz*, however, is the law of the circuit. *Leocal* doesn't so undermine *Gonzalez-Tamariz* as to justify a three-judge panel in ignoring its *result*. *See, e.g.*, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that, for a panel to overrule an earlier precedent, "the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

That is not to say, however, that we may, after *Leocal*, continue to extend a mode of *reasoning* the Supreme Court declared improper, when interpreting sections of § 1101(a)(43) distinct from the one involved in *Gonzalez-Tamariz*. Yet, that is precisely what the majority does today: The majority extends the mode of statutory analysis used in *Gonzalez-Tamariz* to the interpretation of the sixteen subsections of § 1101(a)(43) in which Congress has given *no* indication of its intent with respect to the requisite term of imprisonment.[4] In other words, the majority holds that "sexual

---

[3]In addition to our decision in *Gonzalez-Tamariz*, the First Circuit cited *United States v. Pacheco*, 225 F.3d 148, 154-55 (2d Cir. 2000); *Graham*, 169 F.3d at 792; *Wireko v. Reno*, 211 F.3d 833 (4th Cir. 2000); *United States v. Urias-Escobar*, 281 F.3d 165, 167-68 (5th Cir. 2002); *United States v. Gonzales-Vela*, 276 F.3d 763, 767-68 (6th Cir. 2001); *Guerrero-Perez v. INS*, 242 F.3d 727, 734-37 (7th Cir. 2001); *United States v. Saenz-Mendoza*, 287 F.3d 1011, 1014-15 (10th Cir. 2002); and *United States v. Christopher*, 239 F.3d 1191, 1193-94 (11th Cir. 2001). The Eighth Circuit has not yet ruled on the issue.

[4]The majority speaks only to § 1101(a)(43)(A). The same analysis, however, would compel a similar result for the other fifteen subsections of § 1101(a)(43) not specifying any term of imprisonment for the convicted offense.

abuse of a minor" is an aggravated felony even if *no* prison term, or only a very short one, can be imposed.

To suppose, as did *Gonzalez-Tamariz*, that Congress adjusted the traditional meaning of the term "felony" by one day is one thing. To suppose that Congress *so* misused the English language as to define a crime as an aggravated felony *no matter what* sentence is assigned to it, and without specifically addressing the requisite sentence in the pertinent subsection, is another. Such a conclusion, as manifested in the majority's opinion in this case and that of the Seventh Circuit in *Guerrero-Perez v. INS*, 242 F.3d 727 (7th Cir. 2001),[5] cannot be reconciled with the Supreme Court's unanimous analysis in *Leocal*.

I therefore respectfully dissent from Part III of the majority's opinion and from the result that its analysis compels. Instead, I would hold that, for a state law conviction to qualify as an aggravated felony under § 1101(a)(43)(A), it must be a "felony," and therefore punishable by imprisonment for more than one year. Alvarez-Gutierrez's Nevada conviction clearly is not a felony. I would therefore vacate the sentence and remand for re-sentencing without the enhancement.

## I.   Ninth Circuit Precedent

*Gonzalez-Tamariz* concerned whether a Nevada conviction for "battery causing substantial bodily harm," with a maximum sentence of imprisonment for one year, constituted an

---

[5]The BIA, in an opinion that was subsequently vacated on procedural grounds, disagreed with the Seventh Circuit and concluded that, for an offense to be the aggravated felony of "sexual abuse of a minor," it must *first* be a felony. *See Matter of Crammond*, 23 I. & N. Dec. 9 (BIA), *vacated on other grounds*, 23 I. & N. Dec. 179 (BIA 2001); *see also Guerrero-Perez v. INS*, 256 F.3d 546 (7th Cir. 2002) (denying a petition for rehearing that was based on *Crammond*). The BIA has since arrived at the diametrically opposite conclusion. *See Matter of Small*, 23 I. & N. Dec. 448 (BIA 2002).

"aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2). Despite the one-year line between misdemeanors and felonies, *Gonzalez-Tamariz* concluded that, under 8 U.S.C. § 1101(a)(43)(F), which includes as an aggravated felony "a crime of violence . . . for which the term of imprisonment [is] at least one year,"[6] a crime for which the maximum sentence is one year can be an aggravated felony. *See* 310 F.3d at 1170-71 (alteration in original).[7]

In contrast to the subsection at issue in *Gonzalez-Tamariz*, § 1101(a)(43)(A) defines as an aggravated felony "murder,

---

[6]Like most of our sister circuits, we have read the word "is" into the language of the statute. *See, e.g.*, *United States v. Corona-Sanchez*, 291 F.3d 1201, 1204 n.3 (9th Cir. 2002) (en banc).

[7]I dissented in *Gonzalez-Tamariz*, taking the view that an "aggravated felony" must be a *felony* first:

> Absent some absolutely clear indication that Congress is using a word with a meaning it does not ordinarily have in the English language or in legal discourse, we should assume the legislators are not playing Humpty Dumpty with the dictionary. Instead, the much more sensible conclusion is that when Congress says "X" term means Y and Z crimes (or things or actions), what it intends to convey is that among the crimes (or things or actions) that could come within an ordinary meaning of X term, the ones we mean to include are Y and Z. Judge Straub put the same point this way:
>
>> "[I]t is quite clear that 'aggravated felony' defines a subset of the broader category 'felony.' Common sense and standard English grammar dictate that when an adjective—such as 'aggravated'—modifies a noun—such as 'felony'—the combination of the terms delineates a subset of the noun. One would never suggest, for example, that by adding the adjective 'blue' to the noun 'car,' one could be attempting to define items that are not, in the first instance, cars."

310 F.3d at 1172 (Berzon, J., dissenting) (quoting *Pacheco*, 225 F.3d at 157 (Straub, J., dissenting)) (alteration in original). Though I continue to believe that *Gonzalez-Tamariz* was wrongly decided, especially after *Leocal*, it is the law of the circuit, and I am, of course, bound by it. If I thought it controlled the outcome here, I would join the majority opinion.

rape, or sexual abuse of a minor," with no reference to the term of imprisonment. Therefore, unlike in *Gonzalez-Tamariz*, this case raises whether an "aggravated felony" must be a "felony" where Congress has *not* explicitly spoken to the minimum length of sentence.

## II. Other Circuits' Precedent

As noted above, the other circuits have generally reached the same result as did *Gonzalez-Tamariz,* holding that misdemeanors with sentences of *exactly* one year may be aggravated felonies where the statute so specifies. *See Cordoza-Estrada*, 385 F.3d at 58 (collecting cases from every circuit except the Eighth). Most of these decisions are limited to the five "one-year" subsections of § 1101(a)(43), 8 U.S.C. § 1101(a)(43)(F), (G), (J), (R), and (S). Only three circuits, the Sixth, Seventh and Eleventh, appear to have resolved in the majority's favor precisely the same question presented here: Whether an aggravated felony, as defined by § 1101(a)(43)(A), includes misdemeanors carrying maximum sentences of less than one year. *See United States v. Gonzalez-Vela*, 276 F.3d 763 (6th Cir. 2001); *United States v. Marin-Navarette*, 244 F.3d 1284 (11th Cir. 2001); *Guerrero-Perez*, 242 F.3d 727.

Two of the circuit opinions contain only summary reasoning, as I trace out in more detail below. The third, *Guerrero-Perez*, can be reconciled with neither the letter nor the spirit of *Leocal*. Instead, I believe the correct analysis is that of Judge Cox, dissenting from the Eleventh Circuit's decision in *Marin-Navarette*, that

> § 1101(a)(43)(A) contains no reference, to a term of imprisonment or otherwise, indicating that Congress intended to include sexual abuse of a minor misdemeanors in the category "aggravated felony." In the absence of such language, deciding that

§ 1101(a)(43)(A) includes misdemeanor offenses makes the exception the rule.

244 F.3d at 1288 (Cox, J., dissenting).

## A.   *Marin-Navarette* **and** *Gonzalez-Vela*

The crux of the Eleventh Circuit's rejection of Marin-Navarette's argument that his prior conviction was not for an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A) because it was a misdemeanor was a citation to its earlier decision in *United States v. Christopher*, 239 F.3d 1191 (11th Cir. 2001). *See Marin-Navarette*, 244 F.3d at 1286-87. In *Christopher*, the court had concluded that a shoplifting offense with a maximum sentence of one year could be an aggravated felony under § 1101(a)(43)(G) even though it was not a "felony," reasoning along much the same lines as we did in *Gonzalez-Tamariz*. *See* 239 F.3d at 1193 ("We discern a clear intent in the statute to include as an 'aggravated felony' any theft offense for which the term of imprisonment is at least one year. Accordingly, it does not matter that Christopher's theft offense is one for which the term of imprisonment is *at most one year*.").

No further discussion of the obvious distinction between § 1101(a)(43)(G) and § 1101(a)(43)(A) was undertaken by the *Marin-Navarette* majority, though Judge Cox, dissenting, relied entirely on this difference to argue that Marin's Washington conviction was *not* an "aggravated felony," and that the reliance on *Christopher* was therefore inapt. In his words,

> in *Christopher* we discerned Congress's clear intent to include maximum-sentence misdemeanants in the aggravated felon category from the language referring to the term of imprisonment. In other words, § 1103(a)(43)(G) is an exception to the rule that misdemeanors do not fit within the aggravated felony

category, an exception created by § 1103(a)(43)(G)'s sentencing language.

*Marin-Navarette*, 244 F.3d at 1288 (Cox, J., dissenting) (citations and footnote omitted); *see also id*. at 1288 n.3 ("In the decisions we adopted in *Christopher*, our sister circuits stated this conclusion was compelled by the language in § 1101(a)(43)(G) describing the term of imprisonment, but, realizing that this holding did violence to the time-honored line between felonies and misdemeanors, implored Congress to revisit the issue.").

*Marin-Navarette* thus decided this issue without independent analysis, simply extending *Christopher* to a provision of § 1101(a)(43) it does not comfortably cover. So too, did *Gonzalez-Vela*, which relied on *Guerrero-Perez* and *Christopher* to conclude that a misdemeanor could constitute the aggravated felony of "sexual abuse of a minor" under § 1101(a)(43)(A). *See* 276 F.3d at 766-68.

## B. *Guerrero-Perez*

More deliberate consideration of this question occurred in the Seventh Circuit's opinion in *Guerrero-Perez*. At issue in *Guerrero* was a prior conviction for "criminal sexual abuse" in violation of 720 Ill. Comp. Stat. § 5/12-15(c),[8] a Class A misdemeanor under Illinois law.

Central to the court's analysis was its emphasis on the importance of the word "means" in § 1101(a)(43):

---

[8]Much like the Nevada statute at issue in this case, the Illinois statute in *Guerrero* defined the offense of "criminal sexual abuse" as a Class A misdemeanor when the accused "commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was less than 5 years older than the victim."

> [R]ather than leave the question of what constitutes
> an aggravated felony open-ended, Congress said,
> "The term 'aggravated felony' means—. . ." and pro-
> ceeded to list what crimes would be considered
> aggravated felonies. It is important to note that the
> term aggravated felony is placed within quotation
> marks and Congress then used the word "means"
> after this term. What is evident from the setting aside
> of aggravated felony with quotation marks and the
> use of the term "means" is that 8 U.S.C.
> § 1101(a)(43) serves as a definition section. . . . The
> statute functions like a dictionary, in that it provides
> us with Congress' definition of the term "aggravated
> felony."

*Guerrero-Perez*, 242 F.3d at 736-37 (citing *Stenberg v. Car-hart*, 530 U.S. 914, 942-43 (2000)). Thus, the Seventh Circuit concluded that, because Congress was defining a term of art, the words used in the term itself were of no importance at all.

This approach to interpretation of a statutory definition is precisely that which the Supreme Court declined to embrace in *Leocal*. In construing 18 U.S.C. § 16, which specifies what "[t]he term 'crime of violence' means . . . ," the Court was clear that the "ordinary meaning of the term" must ordinarily factor into ascertaining whether an offense met the statutory definition. The very emphasis the Seventh Circuit sought to place on the word "means" in § 1101(a)(43) is the point on which *Leocal* was explicit: Such emphasis cannot come at the expense of the plain language of the term being defined. *See* 125 S. Ct. at 383-84. In short, however convincing *Guerrero-Perez* might be in the abstract, its underlying logic cannot survive *Leocal*.

## III.   *Alvarez-Gutierrez*

As Judge Canby has noted, it is a daunting exercise to conclude that the only sister circuits previously to consider the

question presently before this court all got it wrong. *See United States v. Ibarra-Galindo*, 206 F.3d 1337, 1341 (9th Cir. 2000) (Canby, J., dissenting). As outlined above, however, the source of the Sixth and Eleventh Circuit's error is obvious, and the Seventh Circuit's holding cannot survive *Leocal*.

*Leocal* further clarified that if a statutory definition that can affect a criminal sentence is ambiguous, the rule of lenity applies. *See* 125 S. Ct. at 384 n.8 ("Although here we deal with § 16 in the deportation context, § 16 is a criminal statute, and it has both criminal and noncriminal applications. Because we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context, the rule of lenity applies.").

The majority in this case reads the ambiguity in § 1101(a)(43)(A) in favor of severity, not lenity. As the central paragraph of the majority's opinion provides,

> if Congress intended for the offenses listed in § 1101(a)(43)(A), one of which is sexual abuse of a minor, to include only offenses carrying a particular term of imprisonment, it would have said so expressly as it did in later subsections of the same section; it did not. Moreover, by placing the term "aggravated felony" in 8 U.S.C. § 1101(a)(43) within quotation marks immediately followed by the word "means," Congress made "aggravated felony" a term of art, defined by the subsections following it.

*Ante* at 712. The majority's "plain language" analysis cuts entirely the other way, especially after *Leocal*. The majority assumes, as did the Seventh Circuit in *Guerrero-Perez*, that where Congress has *not* spoken, the default rule is that any offense can be an aggravated felony. The majority reaches this conclusion even though the "aggravated felony" definition has been around since 1988, *see Leocal*, 125 S. Ct. at 379

n.1, but had, before 1996, never embraced misdemeanors. *Leocal* explains that this analysis is backwards, as any ambiguity created by shortening the specified term of imprisonment in other subsections should trigger the rule of lenity in interpreting subsection (A).

One additional point bears mentioning. It is no coincidence that the only four circuit cases in which the present issue has come up — this case, *Guerrero-Perez*, *Marin-Navarette*, and *Gonzales-Vela* — have been under the "sexual abuse of a minor" prong of § 1101(a)(43)(A), as opposed to the remainder of § 1101(a)(43)(A) or the other fifteen subsections of § 1101(a)(43) that specify no minimum term of imprisonment. The misdemeanor/felony issue has arisen with regard to "sexual abuse of a minor," presumably, because cases in this and other circuits have substantively construed that term rather broadly, leading to the inclusion of misdemeanors such as that for which Alvarez-Gutierrez was convicted. *See, e.g.*, *United States v. Pallares-Galan*, 359 F.3d 1088, 1102 n.7 (9th Cir. 2004) (citing cases); *United States v. Pereira-Salmeron*, 337 F.3d 1148 (9th Cir. 2003). The other fifteen ambiguous subsections — along with the rest of § 1101(a)(43)(A) — include offenses that, on their face, are serious felonies that will rarely, if ever, have a statutory maximum sentence of one year or less.

That it is the "sexual abuse of a minor" cases alone that have given rise to the issue in this case suggests why Judge Reinhardt's observation concerning the overall structure of § 1101(a)(43), *ante* at 714 (Reinhardt, J., concurring), cuts in the opposite direction from the one he suggests. Judge Reinhardt believes that the result today turns on "the fact that under 8 U.S.C. § 1101(a)(43) the requirement that the actual sentence imposed be at least one year is generally contained in the sub-sections applicable to the less serious types of offenses and that no such additional condition is ordinarily contained in the sub-sections applicable to the more serious offenses." *Ante* at 714 (Reinhardt, J., concurring). A bit of

history explains this apparent anomaly in a way that favors my conclusion, not the majority's.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, div. C, 110 Stat. 3009-546, only three of the seventeen subsections of § 1101(a)(43) included minimum terms of imprisonment for the offense of conviction; in each case, the minimum term was five years. *See* 8 U.S.C. § 1101(a)(43)(F), (G), (O) (1994). At that point, presumably, it was understood that *all* of the crimes listed under the definition of "aggravated felony" were particularly egregious *felonies*, not misdemeanors. "Murder," for example, the only crime then listed in § 1101(a)(43)(A), is obviously and always a felony. Congress had no need to specify a second time, in subsection (A) as well as in the term being defined, that murder must be a felony before it can be an "aggravated felony."

In 1996, the "aggravated felony" definition was amended in two relevant respects: First, "rape" and "sexual abuse of a minor" were added to subsection (A). *See* IIRIRA § 321(a)(1), 110 Stat. at 3009-627 (codified at 8 U.S.C. § 1101(a)(43)(A)). Second, the "at least five year" terms of imprisonment specified in some of the other subsections were changed to "at least one year" terms. *See id*. § 321(a)(3), 110 Stat. at 3009-627 (codified at 8 U.S.C. § 1101(a)(43)(F), (G), (N), (P)).

That Congress did not include a specified term of imprisonment of "at least one year" in § 1101(a)(43)(A) when amending it to add more crimes indicates to me the opposite of what Judge Reinhardt suggests. Just as "murder" was sufficiently serious that it would always be, Congress assumed, a common law "felony" — that is, a crime for which the statutory maximum sentence is more than a year — so too the other serious crimes included within subsection (A) were also intended to

be felonies, not misdemeanors. *See, e.g.*, *Dole v. United Steel-workers of Am.*, 494 U.S. 26, 36 (1990) ("The traditional canon of construction, *noscitur a sociis*, dictates that words grouped in a list should be given related meaning." (internal quotation marks omitted)); *Neal v. Clark*, 95 U.S. 704, 708-09 (1878). The term being defined — "aggravated felony" — was sufficient to so indicate; as previously, there was no reason to repeat, for the more serious crimes, that a significant prison term was a requisite for inclusion as an "aggravated felony." For the less serious crimes, Congress (according to the *Gonzalez-Tamariz* line of cases) shaved, by one day, the usual definition of felony. But it did *not* abandon all linkage between "aggravated felony" and a significant maximum term of imprisonment; even under *Gonzalez-Tamariz*, the statutory maximum sentence for those five subsections must still be *at least* one year.

Put another way, the upshot of Judge Reinhardt's more-serious/less-serious analysis is that Congress meant for the less serious crimes to link "aggravated felony" status to the actual term of imprisonment, but for the more serious crimes intended no link to any term of imprisonment, maximum or actual. Much more likely is the conclusion that Congress saw no need to specify a separate term of imprisonment for the more serious crimes, as the descriptive term "aggravated felony" served that purpose sufficiently for crimes that were so serious that they are treated as felonies by the jurisdictions in which they are committed. To hold otherwise is to suppose that by shortening the requisite maximum term to *at least* one year in *other* subsections in 1996, or by shifting the focus in those *other* subsections to the actual sentence imposed, Congress changed its prior understanding that the crimes specified in the subsections lacking any specific term-of-imprisonment language *were* required to be "felonies," as the term being defined specified.

As it turns out, "sexual abuse of a minor," construed broadly, is sometimes not a common law felony. But by

including that term in the same subsection as "murder" and "rape," Congress indicated, to me, that it intended to encompass only those "sexual abuse of a minor" crimes that *are* similar in their degree of seriousness to "murder" and "rape" — that is, that are common-law felonies, subject to a maximum term of imprisonment of more than one year.

Particularly in light of *Leocal*'s interpretive mandate, then, the opposite construction of § 1101(a)(43)(A) from that adopted by the majority must control: *Unless Congress explicitly provides otherwise*, an offense cannot be an aggravated felony without first being a felony. *Gonzalez-Tamariz* is consistent with this principle, as it relied on the extent to which Congress "clearly" provided for an exception to the long-recognized rule. *See, e.g.*, 310 F.3d at 1169 (" '[W]hatever the wisdom of Congress's decision to alter the historic one-year line between a misdemeanor and a felony, the statute is unambiguous in its sweep.' " (quoting *United States v. Urias-Escobar*, 281 F.3d 165, 168 (5th Cir. 2002))); *see also Christopher*, 239 F.3d at 1193. Judge Reinhardt maintains that "[s]uch a construction would compound the violence we have already done to the English language in this statute." *Ante* at 714 (Reinhardt, J., concurring). I think the majority today does exactly that, without any help from me. I would hold that where, as in § 1101(a)(43)(A), Congress has not "clearly" so provided, the traditional line between misdemeanors and felonies remains.

## *CONCLUSION*

Absent clearly expressed congressional intent to the contrary, historical practice, common sense, and a recent Supreme Court decision all warrant construing § 1101(a)(43)(A) to require that an offense first be a felony before it can constitute an "aggravated felony." This court, and others, read the "at least one year" specification in § 1101(a)(43)(F) as purposely overriding, by one day, the usual meaning of the term being defined, "felony." Now, with

*no* specific indication of congressional intent to depart from the usual meaning of the term being defined, the majority attributes to Congress the use of the term "felony" to refer to a crime that may carry a minimal term of imprisonment. Language is just not *that* malleable. I therefore respectfully dissent.