**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Antonio CARDENAS–OLVERA, a.k.a. Antonio Calderas–Balderas, Defendant—Appellant.**

**No. 04–50506.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

Steven E. Stone, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Donald A. Nunn, Esq., Attorney at Law, Poway, CA, for Defendant—Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Antonio Cardenas–Olvera appeals from his 46–month sentence imposed following a jury-trial conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand.

Appellant contends that the fact of his prior convictions had to be proved to a jury beyond a reasonable doubt. However, this contention is foreclosed. *See Unit-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ed States v. Von Brown, 417 F.3d 1077, 1078–79 (9th Cir.2005).

 Appellant also contends that the district court erred in finding that he qualified for an aggravated felony enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because the prior state conviction was a misdemeanor offense. Upon review of the record, we conclude that the prior offense qualifies as an aggravated felony, and district court did not err. See United States v. Vidal, 426 F.3d 1011, 1017 (9th Cir.2005); see also United States v. Alvarez–Gutierrez, 394 F.3d 1241, 1244–45 (9th Cir.2005) (noting there is nothing that requires that a prior aggravated felony be defined as a felony, and not a misdemeanor, under state law).

Appellant also contends that the district court erred in finding the temporal relationship between his prior aggravated felony and prior deportation. However, appellant is incorrect, as the jury, not the court, found appellant's previous deportation date, which proceeded the date of his prior aggravated felony.

 However, because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand the sentence for further proceedings consistent with United States v. Ameline, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). See United States v. Moreno–Hernandez, 419 F.3d 906, 916 (9th Cir.2005). Cardenas–Olvera should promptly notify the district court if he desires to opt out of

* This panel unanimously finds this case suitable for decision without oral argument. See

resentencing. See Ameline, 409 F.3d at 1084.

**REMANDED.**