**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Anastacio PADILLA–SALAS,**
**Defendant—Appellant.**

No. 08–10039.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 17, 2008.

Brian L. Sullivan, USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Mike K. Powell, Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: GOULD, Circuit Judge, BEA, Circuit Judge, and SEDWICK,** District Judge.

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

MEMORANDUM \*\*\*

Defendant–Appellant Anastacio Padilla–Salas appeals the sentence imposed by the district court following his guilty plea to unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a). This is an appeal from a final judgment of conviction in a criminal case. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

In January 2002, Padilla–Salas was convicted of "statutory sexual seduction" in violation of Nev.Rev.Stat. §§ 200.364 and 200.368, for having sexual intercourse with a fifteen-year-old girl. Padilla–Salas pled guilty to the offense as a gross misdemeanor. The state court sentenced him to six months in jail. In July 2002, Padilla–Salas was convicted of a felony drug trafficking offense. After being paroled from state prison, Padilla–Salas was deported in January 2004. In March 2007, Padilla–Salas was arrested in Nevada following a traffic stop. Padilla–Salas was charged with unlawful entry by a deported alien under 8 U.S.C. § 1326(a) and pled guilty to the offense.

At a sentencing hearing on November 28, 2007, the district court sentenced Padilla–Salas to twenty months' imprisonment, followed by three years of supervised release. In calculating the sentence, the district court enhanced Padilla–Salas's base offense level by eight levels pursuant to U.S.S.G § 2L1.2(b)(1)(C), which provides for an eight-level increase if a defendant was previously deported after a conviction for an aggravated felony.

Padilla–Salas's principal contention is that his gross misdemeanor conviction for statutory sexual seduction under Nevada law is not an aggravated felony for sentencing purposes. Padilla–Salas's contention is squarely foreclosed by this court's decision in *United States v. Alvarez–Gutierrez*, 394 F.3d 1241 (9th Cir.2005). *Alvarez–Gutierrez* expressly holds that a conviction under Nev.Rev.Stat. §§ 200.364 and .368 for statutory sexual seduction constitutes a conviction for "sexual abuse of a minor" for purposes of federal sentencing law, and "sexual abuse of a minor" is an "aggravated felony," as that term is defined by 8 U.S.C. § 1101(a)(43)(A). *Alvarez–Gutierrez*, 394 F.3d at 1245. Section 1101(a)(43)(A) defines an "aggravated felony" as "murder, rape, or sexual abuse of a minor."

Padilla–Salas argues that *Alvarez–Gutierrez* is no longer good law after the Supreme Court's intervening decision in *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). *Lopez* is inapplicable because *Lopez* involved 8 U.S.C. § 1101(a)(43)(B), not § 1101(a)(43)(A). Section 1101(a)(43)(B) defines "aggravated felony" as "illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c) further defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act." In *Lopez*, the Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez*, 127 S.Ct. at 633.

Padilla–Salas further argues that the holding in *Alvarez–Gutierrez* should be limited to its facts and applied only where the defendant received a sentence of at least one year for an offense classified as a misdemeanor under state law. Padilla–Salas's argument is unavailing because *Alvarez–Gutierrez* explicitly recognizes that "[t]here is nothing in 8 U.S.C. § 1101(a)(43)(A) that requires the offenses

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

listed in that subsection to be felonies as that term is traditionally understood, or that requires those offenses to be punishable by any particular term of imprisonment." *Alvarez–Gutierrez,* 394 F.3d at 1245.

The district court did not err by classifying Padilla–Salas's state misdemeanor conviction for "statutory sexual seduction" as a conviction of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A) and enhancing his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

The judgment of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.