FILED

**NOT FOR PUBLICATION**

JAN 20 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOISES NAVARRO-SOQUI, aka Moises
Navarro aka Jose Manuel Cota,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 04-76126

Agency No. A044-776-648

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2008[**]
Pasadena, California

Before: PREGERSON, HALL and N.R. SMITH, Circuit Judges.

An immigration judge found Moises Navarro-Soqui ("Navarro-Soqui")

removable as an aggravated felon due to his conviction under Cal. Penal Code §

288(c)(1) and ordered him removed to Mexico. The Board of Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA") affirmed the immigration judge and dismissed Navarro-Soqui's appeal. Navarro-Soqui petitions this court for review. This Court has jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

In determining whether a state criminal conviction constitutes an aggravated felony under federal law, this court applies the categorical approach set out in *Taylor v. United States*, 495 U.S. 575, 599-602 (1990). There is a categorical match between Cal. Penal Code § 288(c)(1) and the generic crime of sexual abuse of a minor—an aggravated felony. This Court previously has held that a conviction under Cal. Penal Code § 288(a), which criminalizes lewd and lascivious acts with minors under 14 years old, constitutes an aggravated felony. *See United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009); *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999). Subsection (c)(1) differs from subsection (a) in that it addresses lewd and lascivious acts solely with fourteen and fifteen year old minors and requires that the perpetrator be more than ten years older than the minor. These distinctions are immaterial. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc) (holding that "sexual abuse of a minor" involves a minor between the ages of 12 and 16 and an age difference of at least four years).

Because Navarro-Soqui's conviction constitutes an aggravated felony, the BIA properly dismissed his appeal. It is irrelevant for purposes of federal law that Navarro-Soqui's state conviction was reduced to a misdemeanor. *See United States v. Alvarez-Gutierrez*, 394 F.3d 1241, 1245 (9th Cir. 2005).

For these reasons we **DENY** the petition for review.

***Navarro-Soqui v Holder   04-76126***

Pregerson, J., dissenting:

Navarro-Soqui pleaded guilty to a violation of Cal. Penal Code § 288(c)(1), which was later reduced to a misdemeanor.  Navarro-Soqui's lawyer never informed him of any potential adverse immigration consequences, nor does the record indicate that the state court provided any such warning.

In declining to sentence Navarro-Soqui to even a single day of prison, the state court noted that he works, stays home, and helps to support his mother and family.  That family includes a wife of ten years and three children, all of whom are United States citizens.  By obdurately labeling Navarro-Soqui an "aggravated felon" and removing him from the country, the federal government is effectively punishing an entire household of innocents.  Navarro-Soqui's wife and children must now either abandon the United States of America, the country of their birth, or rend their family asunder.  To force American citizens into such an agonizing choice is as cold-hearted as it is unjust.  I would therefore grant the petition for review.