MEMORANDUM **
An immigration judge found Moisés Navarro-Soqui (“Navarro-Soqui”) removable as an aggravated felon due to his conviction under Cal.Penal Code § 288(c)(1) and ordered him removed to Mexico. The Board of Immigration Appeals (“BIA”) affirmed the immigration judge and dismissed Navarro-Soqui’s appeal. Navarro-Soqui petitions this court for review. This Court has jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.
In determining whether a state criminal conviction constitutes an aggravated felony under federal law, this court applies the categorical approach set out in Taylor v. United States, 495 U.S. 575, 599-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). There is a categorical match between CaLPenal Code § 288(c)(1) and the generic crime of sexual abuse of a minor — an aggravated felony. This Court previously has held that a conviction under Cal.Penal Code § 288(a), which criminalizes lewd and lascivious acts with minors under 14 years old, constitutes an aggravated felony. See United States v. Medina-Villa, 567 F.3d 507 (9th Cir.2009); United States v. Baron-Medina, 187 F.3d 1144 (9th Cir.1999). Subsection (c)(1) differs from subsection (a) in that it addresses lewd and lascivious acts solely with fourteen and fifteen year old minors and requires that the perpetrator be more than ten years older than the minor. These distinctions are immaterial. See Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir.2008) (en banc) (holding that “sexual abuse of a minor” involves a minor between the ages of 12 and 16 and an age difference of at least four years).
Because Navarro-Soqui’s conviction constitutes an aggravated felony, the BIA properly dismissed his appeal. It is irrelevant for purposes of federal law that Navarro-Soqui’s state conviction was reduced to a misdemeanor. See United States v. Alvarez-Gutierrez, 394 F.3d 1241, 1245 (9th Cir.2005).
*785 For these reasons we DENY the petition for review.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.