**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENGE LEMO GAHANO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-72796
      19-70403

Agency No. A071-771-751

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2020
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Petitioner Denge Lemo Gahano, a native and citizen of Ethiopia, petitions

for review of the Board of Immigration Appeals' ("BIA") orders dismissing his

appeal from an immigration judge's ("IJ") removal order and denying his motion

to reconsider. We have jurisdiction under 8 U.S.C. § 1252(b). For the reasons that

follow, we deny the petition.

1.      Petitioner contends that the agency erred when it concluded that his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

three convictions under Oregon Revised Statute ("ORS") §163.190 for misdemeanor menacing, each with a one-year sentence, were aggravated felonies rendering him ineligible for asylum and cancellation of removal. We review de novo whether an offense constitutes an aggravated felony, *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014), and "for abuse of discretion the BIA's conclusion that an offense constitutes a particularly serious crime." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).

That ORS § 163.190 is classified as a misdemeanor is irrelevant. A conviction for a crime of violence is classified as an aggravated felony if the term of imprisonment is at least one year. *United States v. Alvarez-Gutierrez*, 394 F.3d 1241, 1242–43, 1245 (9th Cir. 2005); *see also* 8 U.S.C § 1101(a)(43)(F) (including "crime of violence" within the definition of aggravated felony). To determine whether an ORS § 163.190 menacing conviction is a crime of violence, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See Flores-Vega v. Barr*, 952 F.3d 878, 882 (9th Cir. 2019). Federal criminal law defines a crime of violence as "an offense that has as an element the . . . threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 16(a). We have interpreted this definition to require an intentional threat of violent, active force. *See United States v. Melchor-Meceno*, 620 F.3d 1180, 1183–84 (9th Cir. 2010).

ORS § 163.190 satisfies both the requisite mens rea and actus rea of a federal crime of violence. The statute states that "[a] person commits the crime of menacing if by word or conduct the person *intentionally* attempts to place another person in fear of *imminent serious physical injury*." ORS § 163.190(1) (emphases added). We have consistently held that other assault and threatening statutes similar to O.R.S. § 163.190 satisfy the requisite actus rea for a crime of violence. *See*, *e.g.*, *Melchor-Meceno*, 620 F.3d at 1184–85; *United States v. Cabrera-Perez*, 751 F.3d 1000, 1007 (9th Cir. 2014) (holding "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury" is a threatened use of physical force against another). The agency therefore correctly determined that petitioner's convictions under ORS § 163.190 are aggravated felonies.

Furthermore, the agency did not abuse its discretion in determining that petitioner's menacing convictions constituted a particularly serious crime making him ineligible for withholding of removal. The agency weighed the appropriate factors pursuant to *In re Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), but was not required to weigh whether he is a future danger to the community. *See*, *e.g.*, *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010).

2. Petitioner also seeks withholding of removal under the Convention Against Torture ("CAT"). We review the agency's determination that an applicant is not eligible for relief under CAT for substantial evidence. *Arteaga v. Mukasey*,

3

511 F.3d 940, 944 (9th Cir. 2007). Although petitioner provides evidence of some violent political unrest in the Oromia and Amhara regions of Ethiopia, he does not establish the individualized risk of torture required for CAT relief, *see Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding reports that torture occurs in a country alone does not compel the conclusion that an alien would be individually subject to torture), or provide evidence why he could not safely relocate to a different area of Ethiopia.

3.      Finally, petitioner challenges the BIA's denial of a waiver of inadmissibility that would allow him to potentially adjust his status to permanent resident and avoid removal. Aliens who have committed crimes of violence, as defined by 18 U.S.C. § 16, are generally inadmissible. 8 U.S.C. §§ 1182(a)(2)(E), 1101(h)(2). But aliens with a close citizen relative are eligible for a waiver of this inadmissibility determination if they can show "extreme hardship" to a qualifying family member if they were removed. 8 U.S.C § 1182(h)(1)(B).

Petitioner contends that one of his adult children would suffer extreme hardship because of his medical history and psychological conditions if petitioner were removed, and because the BIA relied solely on a record that did not contain his testimony when it determined there was no extreme hardship, the BIA violated his due process rights to a full and fair hearing.

An alien facing removal is entitled to a full and fair hearing with a

4

reasonable opportunity to present evidence on their behalf. 8 U.S.C. § 1229a(b)(4); *see also Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) ("The Fifth Amendment guarantees due process in deportation proceedings."). "For [this court] to grant the petition for review on due process grounds, [an alien] must show prejudice[.]" *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005). A finding of prejudice "does not demand absolute certainty," but only requires the alien to show a due process violation "*potentially* affect[ed] the outcome of the proceedings." *Id.* at 1077 (alteration adopted) (emphasis in original).

We conclude petitioner would not be eligible for a waiver of inadmissibility regardless of any testimony, making the error nonprejudicial. To show prejudice, petitioner must establish "plausible grounds on which he could have been granted relief." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049 (9th Cir. 2012) (internal quotation marks omitted). In his briefing to the agency, Petitioner discussed the hardship his family would face upon his removal, but none of the record evidence supports his contention that that one of his adult children would suffer the extreme hardship he now claims his testimony would establish. Because petitioner did not establish a "plausible claim" of extreme hardship, the substantial evidence contradicting his claim of extreme hardship forecloses a viable claim of prejudice, and his due process claim fails. *Id.*

**PETITION DENIED.**